157 So.2d 79 (1963)
FRANCISCO P. JUARRERO, AND ALICIA V. JUARRERO, HIS WIFE, AS TAXPAYERS OF DADE COUNTY, FLORIDA, AND ALL OTHER TAXPAYERS SIMILARLY SITUATED, APPELLANTS,
v.
IRVING G. McNAYR, AS COUNTY MANAGER OF DADE COUNTY, FLORIDA, CHARGED WITH THE DUTIES OF THE TAX ASSESSOR OF DADE COUNTY, FLORIDA, AND SAM L. ELCOOK, AS THE ACTING TAX ASSESSOR OF DADE COUNTY, FLORIDA, AND RAY E. GREEN, AS COMPTROLLER OF THE STATE OF FLORIDA, APPELLEES.
No. 32589.
Supreme Court of Florida.
October 23, 1963.
*80 Madsen & Briggs and Stewart D. Allen, Miami, for appellants.
Darrey A. Davis and St. Julien P. Rosemond, Miami, for appellees.
ROBERTS, Justice.
Before us for review is a final decree of the Circuit Court in and for Dade County entered in a suit wherein the appellants sought to compel the allowance of a homestead exemption under Section 7, Article X, of the Constitution of Florida, F.S.A., such property being occupied by them as a residence. The Chancellor denied the relief, holding that appellants, under the facts alleged, are not entitled to the homestead exemption sought. Jurisdiction of the appeal derives from Section 4(2) of revised Article V, Florida Constitution, authorizing an appeal directly to this court from final judgments or decrees construing a controlling provision of the Florida Constitution.
The material facts are simple and unchallenged. Appellants purchased a home in Coral Gables, Florida, in November, 1960, after coming to this country from Cuba by dint of necessity and seeking refuge from the politically hostile government of their homeland. They are the holders of non-immigrant visas valid for unlimited applications for admission into the United States until March, 1963, which visas were issued and granted under the auspices of the American Embassy in Havana, Cuba. On or about December, 1960, appellants were granted permission by the Immigration Authorities to stay indefinitely in this country and to depart voluntarily. They do not have permanent visas and, in lay parlance, may be classified as "Cuban refugees." The visas are not authority under existing circumstances for them to remain here permanently, that is to say, beyond their immediate need for political asylum. The uncertainty of this need requires an indefinite stay although the visas are temporary in character. In this posture the controlling question is: Can an alien, temporarily absent from his homeland because of political persecution, and residing in this country for an indefinite stay by warrant of a temporary visa, make Florida in good faith his permanent home?
The Chancellor decided this question in the negative after making certain findings of fact and conclusions of law. From the decree we quote the following excerpts:
"* * * plaintiffs are temporary residents of Dade County, Florida, being non-resident aliens classified as Cuban refugees and, therefore, cannot `rightfully' or in `good faith' make Dade County their `permanent home' in view of the fact that the word `temporary' is obviously an antonym of the word `permanent', and that the words `good faith' purport more than honesty of endeavor or honesty of purpose and include the ability to do that which the Constitution of the State of Florida, Article X, Section 7, requires to be done."
Section 7, Article X of the Constitution of Florida provides:
"Every person who has the legal title or beneficial title in equity to real property in this State and who resides thereon and in good faith makes the same his or her permanent home, or the permanent home of another or others legally or naturally dependent upon said person, *81 shall be entitled to an exemption from all taxation, except for assessment for special benefits, up to the assessed valuation of Five Thousand Dollars on the said home and contiguous real property, as defined in Article 10, Section 1, of the Constitution, for the year 1939 and thereafter. Said title may be held by the entireties, jointly, or in common with others, and said exemption may be apportioned among such of the owners as shall reside thereon, as their respective interests shall appear, but no such exemption of more than Five Thousand Dollars shall be allowed to any one person or on any one dwelling house, nor shall the amount of the exemption allowed any person exceed the proportionate assessed valuation based on the interest owned by such person. The Legislature may prescribe appropriate and reasonable laws regulating the manner of establishing the right to said exemption. Added general election 1934, as amended general election 1938."
Section 192.14, Florida Statutes, F.S.A., provides:
"The words `resident,' `residence,' `permanent residence,' `permanent home' and those of like import, shall not be construed so as to require continuous physical residence on the property, but mean only that place which the person claiming the exemption may rightfully and in good faith call his home to the exclusion of all other places where he may, from time to time, temporarily reside."
Citizenship is not a prerequisite for claiming homestead exemption. See Smith, Tax Assessor, et al. v. Voight, 158 Fla. 366, 28 So.2d 426. Appellants have made every requirement for the exemption claimed within their power, and thus the question arises as a matter of law as to whether or not, under the circumstances mentioned, they possess the legal power to rightfully and in good faith make the subject property their "permanent home." We must adopt the view of the Chancellor that they cannot legally intend to do that which by law and the temporary nature of their visas they are prohibited from doing.
It is true that a resident of another state in this country may abandon residence in that state, come to Florida, purchase a home, reside in it, and declare it to be his permanent residence and become entitled to the homestead exemption provided by Section 7, Article X of our Constitution. Such person must make such declaration "rightfully" and in "good faith." This might also be true in the case of one from another country, who is in this country with a permanent visa. Such persons have the freedom and right with certainty to make and declare a bona fide intention of permanent residence in the home owned and located in this state. This is not so, however, in the case of a citizen and former resident of a foreign country who is here under the authority of nothing more than a temporary visa, because such person has no assurance that he can continue to reside in good faith for any fixed period of time in this country. Consequently, we hold he cannot "legally," "rightfully" or in "good faith" make or declare an intention which he has no assurance he can fulfill or carry out because of the temporary nature of the visa. In other words, he does not have the legal ability to determine for himself his future status and does not have the ability legally to convert a temporary residence into a permanent home.
We have not overlooked appellants' contention that the denial of homestead exemption to these alien refugees would deprive them of their property rights under the Constitution of the State of Florida and of their rights under the Equal Protection clause of the 14th Amendment to the Constitution of the United States. One cannot complain that he has been denied due process of equal protection of every other person within a reasonable classification *82 to which he belongs is treated in the same manner. These appellants constitute members of a class of Cuban refugees temporarily residing in the State of Florida under and by virtue of temporary visas, and this applies equally to other members of the same class. The decree of the Chancellor in which he dismissed the complaint with prejudice is without error and is accordingly,
Affirmed.
TERRELL, Acting C.J., and THOMAS, THORNAL, O'CONNELL, CALDWELL and HOBSON (Ret.), JJ., concur.