QUESTIONS: 1. May a person who is not a citizen of the United States but who has been living in the State of Florida for over six months be granted a mortgage broker's or mortgage solicitor's license under Ch. 494, F.S.? 2. May a citizen of Canada become a "bona fide" resident of the State of Florida within the purview of s. 494.04(2), F.S.?
SUMMARY: Chapter 74-37, Laws of Florida, effectively repeals the noncitizen exclusion of s. 494.04(2), F.S., and the Department of Banking and Finance may not refuse to issue a mortgage broker's or mortgage solicitor's license to an applicant solely on the ground that the applicant is not a citizen of the United States. A citizen of Canada living in Florida under a permanent visa may become a "bona fide resident" of the State of Florida within the purview of s. 494.04(2), F.S. Your questions are answered in the affirmative as limited by the discussion herein. Section 494.04(2), F.S., provides: No mortgage broker's or mortgage solicitor's license shall be granted to any person who has not been a bona fide resident of the state for a period of at least six months immediately preceding the date of application for license, or who is not a citizen of the United States. An act relating to occupational and professional licensing passed by the 1974 Legislature answers the citizenship aspect of your first question. Chapter 74-37, Laws of Florida, amended s. 455.012, F. S., to read, in pertinent part: 455.012 Restrictions on the requirement of citizenship. — (1) No person shall be disqualified from practicing an occupation or profession regulated by the state solely because he is not a United States citizen. However, any regulatory agency may require that an applicant submit proof of his intention to become a citizen as a condition of eligibility to sit for any board examination. A notarized declaration of intention to become a citizen, in lieu of a formal declaration of intention to become a citizen, shall be sufficient proof of the applicant's intention to become a citizen. The first sentence of this amended section directly and irreconcilably conflicts with the citizenship requirement of s. 494.04(2), supra. In situations such as this, the later enactment of the legislature prevails. See, generally, 30 Fla.Jur. Statutes ss. 158-159; AGO 074-239. In accordance with s. 455.012(1), F.S., the Department of Banking and Finance may require proof of intent to
become a citizen, but it may not refuse to issue a license to an applicant solely on the ground that the applicant is not a citizen. Should an alien applicant decline compliance with any requirement of proof of intention or fail to become a citizen within five years after the license is granted [s. 455.012(2), F. S., as amended by Ch. 74-37, Laws of Florida], noncitizenship could then become the basis of denying the application or revoking the license. See AGO's 073- 104 and 073-105 for a discussion of the constitutional validity of such provisions. The balance of this opinion will cover the remaining aspect of this question (six months residency in Florida) since it is necessarily the same issue as presented by your second question. Section 494.04(2), supra, provides that no mortgage broker's or mortgage solicitor's license be granted to any person who has not been a "bona fide resident of the state for a period of at least six months immediately preceding the date of application for license." This restriction was the subject of AGO 061-146, in which it was concluded that: . . . a "bona fide resident of the state for a period of at least six months," within the purview of s. 494.04, F.S., is comparable to the permanent home requirement of the homestead tax exemption amendment of the Florida constitution. The same evidence required for proving that one has established a permanent home would seem sufficient to prove a bona fide residence under s. 494.04, F.S. The homestead residency requirement and its relation to aliens were considered in AGO's 054-158 and 061-148. In these opinions it was concluded that a person in this country, under a temporary visa, could not meet the residency requirement due to lack of capacity or ability to declare or determine his future status as to legal residency in or citizenship in the United States and the State of Florida. See also AGO 071-242. In Juarrero v. McNayr, 157 So.2d 79 (Fla. 1963), the Supreme Court stated at page 81: It is true that a resident of another state in this country may abandon residence in that state, come to Florida, purchase a home, reside in it, and declare it to be his permanent residence and become entitled to the homestead exemption provided by Section 7, Article X of our Constitution. Such person must make such declaration "rightfully" and in "good faith." This might also be true in the case of one from another country, who is in this country with a permanent visa. Such persons have the freedom and right with certainty to make and declare a bona fide intention of permanent residence in the home owned and located in this state. This is not so, however, in the case of a citizen and former resident of a foreign country who is here under the authority of nothing more than a temporary visa, because such person has no assurance that he can continue to reside in good faith for any fixed period of time in this country. Consequently, we hold he cannot "legally," "rightfully" or in "good faith" make or declare an intention which he has no assurance he can fulfill or carry out because of the temporary nature of the visa. In other words, he does not have the legal ability to determine for himself his future status and does not have the ability legally to convert a temporary residence into a permanent home. Under current federal immigration and naturalization laws and regulations, a Canadian citizen may not be employed in this country or begin qualification for eventual naturalization unless he possesses a permanent visa. [See] 8 C.F.R. s. 214.1(c). Furthermore, a Canadian citizen may not remain in the United States for a period exceeding six months without receiving a special temporary extended visa (up to an additional six months), or a permanent visa. [See] 8 C.F.R. s. 212.1(a); Bulletin M-50 (Rev. Feb. 1972) N, Immigration and Naturalization Service. In your letter you indicate that the Canadian citizen in question has been residing in Florida for over six months, intends to apply for United States citizenship, and seeks employment as a mortgage broker or mortgage solicitor. I therefore assume that the subject Canadian citizen possesses a permanent visa, and it is my opinion that with such a visa he has the capacity and ability to declare whatever intention is necessary to constitute a "bona fide residence" so as to avoid the restriction against nonresidents of Florida.