QUESTION: May an alien admitted under a nonimmigration visa for the sole purpose of attending a state college or university in this state qualify as a "Florida student" for fee-paying purposes by filing a declaration that he or she is a domiciliary of Florida?
SUMMARY: An alien admitted to the United States under a nonimmigration visa for the sole purpose of attending a state college or university in this state may not qualify as a "Florida student" for fee-paying purposes by filing a declaration that he or she is a domiciliary of Florida. For the reasons hereinafter expressed, your question is answered in the negative. The Board of Regents has promulgated regulation 6C-7.05 captioned "Florida Student Definition," which reads as follows, in pertinent part: (1) For the purpose of assessing registration fees, students shall be classified as Florida and non-Florida. A Florida student is a person who shall have resided and had domicile in the State of Florida for at least twelve (12) months immediately preceding the first day of classes of the current term. * * * * * (c) The word "domicile" for fee-paying purposes shall denote a person's true, fixed, and permanent home and place of habitation. It is the place where he intends to remain, and to which he expects to return when he leaves without intending to establish a new domicile elsewhere. * * * * * (3) A non-Florida student is a person not meeting the requirements of subsection (1) above. A non-Florida student (or if a minor, his parent or parents) after having been a resident and domiciliary of Florida for twelve (12) months may apply for and be granted reclassification prior to the first day of classes of any subsequent term; provided, however, that those students who are non-resident aliens or who are in the United States on a non-immigration visa will not be entitled to reclassification. However, for fee-paying purposes, Cuban nationals will be considered as resident aliens. (Emphasis supplied.) It is clear from the language italicized above that nonresident aliens and those admitted to the United States on a nonimmigration visa are not eligible for "Florida student" classification for purposes of university registration fees. And, in any event, it should be noted that such a student does not have the legal capacity to become a resident and domiciliary of Florida. As stated in Juarrero v. McNayr, 157 So.2d 79 (Fla. 1963): It is true that a resident of another state in this country may abandon residence in that state, come to Florida . . . and declare it to be his permanent residence. . . . This might also be true in the case of one from another country who is in this country with a permanent visa. Such persons have the freedom and right with certainty to make and declare a bona fide intention of permanent residence in . . . this state. This is not so, however, in the case of a citizen and former resident of a foreign country who is here under the authority of nothing more than a temporary visa, because such person has no assurance that he can continue to reside in good faith for any fixed period of time in this country. . . . In other words, he does not have the legal ability to determine for himself his future status and does not have the ability legally to convert a temporary residence into a permanent home. Accord: Attorney General Opinions 074-349, 061-148, and 054-158. Also cf. AGO 073-209.