451 So.2d 1037 (1984)
Ancel ALCIME and Elucia Alcime, Appellants,
v.
Frank BYSTROM, As Property Appraiser of Dade County, Florida, Appellee.
No. 83-2447.
District Court of Appeal of Florida, Third District.
June 26, 1984.
Bennett D. Fultz and Jose I. Perez, Miami, for appellants.
Robert A. Ginsburg, County Atty. and Daniel A. Weiss, Asst. County Atty., for appellee.
Before BARKDULL, BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
Notwithstanding the fact that Ancel Alcime has resided in the United States for over twenty years, has resided in the State of Florida for ten years, and has been employed in local government for over six years, because he is an alien without a permanent visa, he cannot, under the prevailing interpretation of the applicable statute,[1] prove an intention to become a permanent resident of the state for homestead tax exemption purposes. See Juarrero v. McNayr, 157 So.2d 79 (Fla. 1963); cf. Matter of Cooke, 412 So.2d 340 (Fla. 1982) (relying on Juarrero, court ruled that foreigner who does not hold permanent visa cannot be a permanent resident of this state and *1038 thus cannot place residence owned in state beyond reach of creditors under homestead exemption from forced sale). Appellants are thus ineligible for a homestead exemption from ad valorem taxes.
Affirmed.
NOTES
[1] Section 196.012(16), (17), Florida Statutes (1981) provides:

(16) "Permanent resident" means a person who has established a permanent residence as defined in subsection (17).
(17) "Permanent residence" means that place where a person has his true, fixed, and permanent home and principal establishment to which, whenever absent, he has the intention of returning. A person may have only one permanent residence at a time; and, once a permanent residence is established in a foreign state or country, it is presumed to continue until the person shows that a change has occurred.