513 So.2d 717 (1987)
Reya RAHEB and Parvin Pahlevanian Raheb, Appellants,
v.
Gordon DiBATTISTO, Appellee.
No. 86-3212.
District Court of Appeal of Florida, Third District.
September 22, 1987.
Rehearing Denied October 21, 1987.
*718 Albert J. Krieger and Mark G. Hanson, Miami, for appellants.
Rosen & Switkes and Paul D. Novack, Miami Beach, for appellee.
Before HUBBART, BASKIN and JORGENSON, JJ.
PER CURIAM.
This is an appeal from a final order striking the judgment debtors' homestead affidavit filed in post-judgment execution proceedings and a subsequent order denying a stay of same. We affirm the orders appealed from based on the following briefly stated legal analysis.
At the outset, we construe the instant proceedings below as constituting, in effect, a bill filed pursuant to Section 222.10, Florida Statutes (1985), by a judgment creditor to determine whether the property of a judgment debtor was homestead property. We further conclude that a sufficient showing was adduced below to support the trial court's finding that the property in question was not homestead property exempt from execution by a judgment creditor. It was shown below, without dispute, that (1) the real property levied upon is owned by Reya Raheb, one of the judgment debtors herein, and (2) both of the said judgment debtors are foreign nationals of Iran who have no permanent resident alien status in the United States. This being so, they are clearly ineligible to place their real property in Dade County, Florida, beyond the reach of judgment creditors pursuant to the Florida homestead exemption provision of Article X, Section 4(a)(1) of the Florida Constitution. In re Cooke, 412 So.2d 340 (Fla. 1982); see Juarrero v. McNayr, 157 So.2d 79 (Fla. 1963); Alcime v. Bystrom, 451 So.2d 1037 (Fla. 3d DCA 1984). We have considered the various points raised on appeal by the judgment debtors herein, but consider these points insufficient to upset the orders appealed from. Such orders are, therefore, in all respects
Affirmed.