PER CURIAM.
The trial court construed a real estate deposit agreement against the seller and awarded judgment in favor of the purchaser by the return of his deposit, and awarded the broker a sum representing the commission he would have received but for the default of the seller. The court also awarded each, attorney’s fees and costs pursuant to provisions of the agreement,[1] and reserved jurisdiction to award attorney’s fees, costs and expenses incurred in collecting the judgment.
The seller appeals and urges error in the entry of judgment for the purchaser and the broker and in the reservation of jurisdiction to award attorney’s fees, costs and expenses incurred in collecting the judgments. We affirm the entry of the judgment and award of attorney’s fees to the prevailing parties to the contract, Ritter’s Hotel, Inc. v. Sedebothom, 142 Fla. 171, 194 So. 322 (1940); Brickell Bay Club Condominium Association, Inc. v. Forte, 397 So.2d 959 (Fla. 3d DCA 1981); Kendall East Estates, Inc. v. Banks, 386 So.2d 1245 (Fla. 3d DCA 1980); Silver Blue Lake Apts., No. 3, Inc. v. Manson, 334 So.2d 48 (Fla. 3d DCA 1976), however, we strike the provision retaining jurisdiction to award attorney’s fees, costs and expenses incurred in collecting the judgment.[2]
Following modification of the judgment we affirm same as modified.

. (1) ATTORNEY FEES AND COSTS: In connection with any litigation arising out of this contract, the prevailing party shall be entitled to recover all costs incurred, including reasonable attorney’s fees.

. The portion of the agreement cited in Footnote 1 does not provide for an award of attorney’s fees, costs or expenses incurred in collecting the judgments.