Dear Mr. Desguin:
As Property Appraiser for Charlotte County, you have asked for my opinion on substantially the following question:
Is an applicant for a homestead exemption entitled to such exemption when he has been granted "indefinite" status pursuant to section 212(d)(5)(A) of the Immigration and Nationality Act?
Information you have submitted to this office indicates that an applicant for homestead exemption is not a United States citizen but has been a resident of Florida since 1979 and has executed a declaration of domicile as a Charlotte County resident. As indicated on his visa, he is entitled pursuant to Section 212(d)(5) of the Immigration and Nationality Act to reside in this country indefinitely and is authorized to seek employment. He has filed for a homestead exemption for the tax years 2003 through 2005 but has been denied, as he does not have permanent residency status.
To qualify for the benefit of a tax exemption, the person seeking the exemption must clearly come within the requirements and scope of the law granting the exemption.[1] While ambiguous language in taxing statutes should be resolved in favor of the taxpayer, the reverse is generally true when construing exceptions and exemptions from taxation.[2]
The constitutional exemption from ad valorem taxation for homesteads is provided by Article VII, section 6, Florida Constitution, and section196.031, Florida Statutes. The constitutional provision does not establish an absolute right to a homestead exemption; rather, the exemption may be granted to an applicant only "upon establishment of right thereto in the manner prescribed by law."[3] However, interpretation of the homestead exemptions under Florida law is entitled to consideration in the "liberal and beneficent spirit in which they were enacted to protect the family home."[4]
The constitutional provision is implemented statutorily in section196.031, Florida Statutes:
 "(1) Every person who, on January 1, has the legal title or beneficial title in equity to real property in this state and who resides thereon and in good faith makes the same his or her permanent residence, or the permanent residence of another or others legally or naturally dependent upon such person, is entitled to an exemption from all taxation, except for assessments for special benefits, up to the assessed valuation of [$25,000] on the residence and contiguous real property, as defined in s. 6, Art. VII of the State Constitution. . . ."[5]
The use of the conjunctive "and" in section 196.031(1), Florida Statutes, indicates that entitlement to the homestead exemption is determined by the simultaneous existence of three factors on January 1 of the tax year: 1) possession of legal or equitable title to the property, 2) residence on the property, and 3) the intention of the taxpayer to make the property his or her permanent residence.[6]
The terms "permanent resident" and "permanent residence" are defined respectively in section 196.012 (17) and (18), Florida Statutes, as follows:
 "(17) `Permanent resident' means a person who has established a permanent residence as defined in subsection (18).
(18) `Permanent residence' means that place where a person has his or her true, fixed, and permanent home and principal establishment to which, whenever absent, he or she has the intention of returning. A person may have only one permanent residence at a time; and, once a permanent residence is established in a foreign state or country, it is presumed to continue until the person shows that a change has occurred."
Administrative rules promulgated by the Department of Revenue to implement section 196.031, Florida Statutes, provide additional direction regarding these requirements. Rule 12D-7.007, Florida Administrative Code, states in part:
 "(1) For one to make a certain parcel of land his permanent home, he must reside thereon with a present intention of living there indefinitely and with no present intention of moving therefrom.
 (2) A property owner who, in good faith, makes real property in this state his permanent home is entitled to homestead tax exemption, notwithstanding he is not a citizen of the United States or of this State.[7]
 (3) A person in this country under a temporary visa cannot meet the requirement of permanent residence or home and, therefore, cannot claim homestead exemption."
In Juarrero v. McNayr,[8] The Florida Supreme Court considered the homestead ad valorem tax exemption application of a Cuban refugee who had applied for political asylum. The application for homestead tax exemption had been denied. The Court determined that because Juarrero was in this country on a "temporary" visa he could not "`legally', `rightfully' or in `good faith' make or declare an intention that he had no assurance he could fulfill or carry out because of the temporary nature of the visa."[9]
However, the Florida Supreme Court has subsequently held that an alien residing in the United States pending her application for political asylum was eligible for Aid to Families with Dependent Children benefits as one "permanently residing in the United State under color of law" within the meaning of section 409.026, Florida Statutes.[10] The Court distinguished the term "permanent" from the word "temporary" as used in federal statutes and stated:
"Unlike the word `permanent,' Congress has not defined the word `temporary.' `Temporary' and `temporarily,' however, are used in8 U.S.C. Sec. 1101(a)(15) in reference to students, tourists, business visitors, and specific workers. As stated in the dissent to [Sudomir v. McMahon, 767 F.2d 1456 (9th Cir. 1985)]: `The common characteristics of all these temporary relationships is that they exist for a defined purpose with a defined end, and there is never any intention of abandoning the country of origin as home.'"[11] Most recently, the Third District Court of Appeal in Lisboa v. Dade County Property Appraiser[12]
rejected the property appraiser's argument that an applicant for political asylum "permanently residing [in the United States] under the color of law" could not be eligible for an ad valorem homestead exemption. The court stated:
 "Lisboa is seeking asylum in this country and has no intention of returning to Brazil. As the Supreme Court noted in Solis, `an asylum applicant is present in [this country] with no defined end or defined purpose as set out by Congress regarding temporary aliens.' Id. (emphasis added). As in Solis, `the status of [Lisboa] will not change until [he] chooses to leave this country or INS acts on the application for asylum.' Id. Accordingly, like Mrs. Solis, we find that Mr. Lisboa fits more appropriately within the definition of `permanent."[13]
The Dade County Property Appraiser argued that the Lisboa court was bound to follow Juarrero v. McNayr[14] and Alcime v. Bystrom,[15] which the property appraiser argued also controlled. The Lisboa court stated that inAlcime, it held that because Mr. Alcime was an alien without a permanent visa he was ineligible for a homestead exemption from ad valorem taxes. However, Mr. Lisboa had "permanent" status. The fact that his status could be "dissolved eventually at the instance either of the United States or of the individual" did not detract from its permanency. Based on expert witness testimony the court concluded that the immigration policies of the United States have changed considerably since Juarrero was decided and therefore its decision was not in conflict with Juarrero.
Thus, the court concluded that an applicant for political asylum whose application is pending as of the relevant taxing date is a "permanent resident" for purposes of the state's homestead exemption from ad valorem taxation.
In the situation you have presented, the applicant is in the United States indefinitely. The applicant has abandoned his country of origin, Cuba, and has no intention of returning. The applicant is present in Florida and has made this state his permanent residence since 1979. While section 212(d)(5)(A) of the Immigration and Nationality Act reflects an indefinite status for federal immigration purposes, the applicant appears to meet the Florida statutory requirements for establishing permanent residence for purposes of a homestead tax exemption.
Therefore, it is my opinion that, assuming you have satisfied yourself otherwise that this individual meets the requirements for permanent residence in Florida,[16] the federal designation as "indefinite" for purposes of the applicant's immigration status should not bar his entitlement to a homestead exemption from ad valorem taxation pursuant to Article VII, section 6, Florida Constitution, and section 196.031, Florida Statutes.
Sincerely,
 Charlie Crist Attorney General
CC/tgh
[1] See Green v. Pederson, 99 So. 2d 292 (Fla. 1957).
[2] United States Gypsum Company v. Green, 110 So. 2d 409 (Fla. 1959);Straughn v. Camp, 293 So. 2d 689 (Fla. 1974); Capital City Country Club,Inc. v. Tucker, 613 So. 2d 448 (Fla. 1993), and Florida Dept. of Revenuev. James B. Pirtle Construction Company, Inc., 690 So. 2d 709 (Fla. 4th DCA 1997).
[3] Horne v. Markham, 288 So. 2d 196, 199 (Fla. 1973). And see Reinishv. Clark, 765 So. 2d 197 (Fla. 1st DCA 2000), pet. for rev. dismissed,773 So. 2d 54 (Fla. 2000) upholding the constitutionality of the constitutional and statutory homestead ad valorem exemption.
[4] See, e.g., Op. Att'y Gen. Fla. 71-398 (1971) and Inf. Op. to Weeks, August 24, 2000; and cf., In re Estate of Skuro, 467 So. 2d 1098
(Fla. 4th DCA 1985), aff'd 487 So. 2d 1065 (Fla. 1986) and Cain v. Cain,549 So. 2d 1161 (Fla. 4th DCA 1989) (homestead exemption is to be construed liberally for benefit of those whom it is designed to protect).
[5] See s. 196.031(3)(e), Fla. Stat., raising the assessed valuation from $5,000 to $25,000 for levies of taxing authorities other than school districts.
[6] See s. 196.015, Fla. Stat., setting forth relevant factors that may be considered by the property appraiser in making a determination regarding the establishment of permanent residency in this state.
[7] Smith v. Voight, 28 So. 2d 426 (Fla. 1946).
[8] 157 So. 2d 79 (Fla. 1963).
[9] Id. at 81.
[10] See Department of Health and Rehabilitative Services v. Solis,580 So. 2d 146 (Fla. 1991).
[11] Id. at 149.
[12] 705 So. 2d 704 (Fla. 3rd DCA 1998), cert. dismissed, 737 So. 2d 1078
(Fla. 1999).
[13] Id., at 707.
[14] 157 So. 2d 79 (Fla. 1963).
[15] 451 So. 2d 1037 (Fla. 3rd DCA 1984).
[16] The question of residence and its permanency must be determined from all the facts and circumstances by the property appraiser in the first instance and may not be delegated to this office. See ss. 196.141
and 196.151, Fla. Stat., and Ops. Att'y Gen. Fla. 82-99 (1982), 79-50 (1979), 74-115 (1974), 72-154 (1972), 58-329 (1958) and Inf. Op. to Weeks, dated 8/24/2000.