927 So.2d 232 (2006)
Andre DeQUERVAIN and Esther Maisch, Appellants,
v.
V. Frank DESGUIN, as the Property Appraiser of Charlotte County, Florida; Vickie Potts, as the Tax Collector of Charlotte County, Florida; and James Zingale, as Executive Director of the Department of Revenue, State of Florida, Appellees.
No. 2D05-1880.
District Court of Appeal of Florida, Second District.
May 5, 2006.
*233 Albert J. Tiseo, Jr., of McKinley, Ittersagen, Gunderson & Berntsson, P.A., Port Charlotte, for Appellants.
John L. Polk, Punta Gorda, for Appellees.
LaROSE, Judge.
Andre DeQuervain and Esther Maisch (the Homeowners) appeal the trial court's final summary judgment ruling that, because they were not permanent U.S. residents, they were not entitled to a homestead exemption for their Charlotte County home. The Homeowners immigrated from Switzerland and reside legally in the United States. They had lived and worked in Charlotte County for at least five years. They held social security numbers and drivers' licenses, paid federal income tax, and had filed a Declaration of Domicile in Florida. However, they held only temporary visas. Thus, they could not form the requisite intent to become permanent residents for purposes of the homestead exemption. We affirm.
The Charlotte County property appraiser denied the Homeowners' application for a 2003 homestead exemption because the Bureau of Citizenship and Immigration Services (formerly the Immigration and Naturalization Service) had not granted them permanent resident status. Their applications for such status, however, were pending.
In their summary judgment motion, the Homeowners asserted that they had satisfied all the requirements of section 196.015, Florida Statutes (2002). Their supporting affidavits stated that they met all the requirements of section 196.012 to prove that they were "permanent residents." The property appraiser offered no opposing affidavits. The trial court denied the Homeowners' summary judgment motion and granted Appellees' motion.
The Florida Constitution affords a homestead exemption to every person who has legal or equitable title to real estate on which he or she maintains a permanent residence. Art. VII, § 6(a), Fla. Const. (1968). The implementing statutes provide, in relevant part, as follows:
196.012 Definitions.
....
(17) "Permanent resident" means a person who has established a permanent residence as defined in subsection (18).
(18) "Permanent residence" means that place where a person has his or her true, fixed, and permanent home and principal establishment to which, whenever *234 absent, he or she has the intention of returning. A person may have only one permanent residence at a time; and, once a permanent residence is established in a foreign state or country, it is presumed to continue until the person shows that a change has occurred.
....
196.015 Permanent residency; factual determination by property appraiser.  Intention to establish a permanent residence in this state is a factual determination to be made, in the first instance, by the property appraiser. Although any one factor is not conclusive of the establishment or nonestablishment of permanent residence, the following are relevant factors that may be considered by the property appraiser in making his or her determination as to the intent of a person claiming a homestead exemption to establish a permanent residence in this state:
(1) Formal declarations of the applicant.
(2) Informal statements of the applicant.
(3) The place of employment of the applicant.
(4) The previous permanent residency by the applicant in a state other than Florida or in another country and the date non-Florida residency was terminated.
(5) The place where the applicant is registered to vote.
(6) The place of issuance of a driver's license to the applicant.
(7) The place of issuance of a license tag on any motor vehicle owned by the applicant.
(8) The address as listed on federal income tax returns filed by the applicant.
(9) The previous filing of Florida intangible tax returns by the applicant.
The Homeowners argue that the property appraiser impermissibly considered their immigration status in denying their application. We disagree. Section 196.015 does not contain an exhaustive list of relevant factors. Rather, it identifies those factors that the property appraiser "may" consider in determining permanent residency for homestead exemption purposes. Compare § 193.011 et seq., Fla. Stat. (2005) (listing factors appraiser "shall" consider in deriving just valuation). The form used to apply for the homestead exemption is not inconsistent:
The forms shall require the taxpayer to furnish certain information to the property appraiser for the purpose of determining that the taxpayer is a permanent resident as defined in s. 196.012(17). Such information may include, but need not be limited to, the factors enumerated in s. 196.015.

§ 196.121(2) (emphasis added). Therefore, the property appraiser was entitled to consider the Homeowners' immigration status in denying their application.
The property appraiser contends that without a permanent visa, the Homeowners could not form the requisite intent to reside permanently on the property for which they sought the homestead exemption. We must agree. The Florida Administrative Code provided:
Homestead Exemptions  Residence Requirement.
(1) For one to make a certain parcel of land his permanent home, he must reside thereon with a present intention of living there indefinitely and with no present intention of moving therefrom.
(2) A property owner who, in good faith, makes real property in this state his permanent home is entitled to homestead *235 tax exemption, notwithstanding he is not a citizen of the United States or of this State. (Smith v. Voight, [158 Fla. 366] 28 So.2d 426 (Fla.1946)).
(3) A person in this country under a temporary visa cannot meet the requirement of permanent residence or home and, therefore, cannot claim homestead exemption.

Fla. Admin. Code R. 12D-7.007 (2002) (emphasis added).
In Juarrero v. McNayr, 157 So.2d 79 (Fla.1963), the supreme court held that an alien residing in the United States with a temporary visa "does not have the legal ability to determine for himself his future status and does not have the ability legally to convert a temporary residence into a permanent home." Id. at 81. The court held that Mr. Juarrero, a Cuban refugee seeking political asylum, could not legally, rightfully, and in good faith make his Florida residence his permanent home. Id. at 80; see also Alcime v. Bystrom, 451 So.2d 1037, 1037-38 (Fla. 3d DCA 1984) (holding alien without permanent visa could not prove intention to become permanent resident for homestead tax exemption purposes notwithstanding twenty years of U.S. residence, ten years of Florida residence, and six years of local government employment); cf. Matter of Cooke, 412 So.2d 340 (Fla.1982) (relying on Juarrero and holding alien without permanent visa could not be permanent Florida resident so as to protect home from judgment creditors under homestead exemption from forced sale); Raheb v. DiBattisto, 513 So.2d 717, 718 (Fla. 3d DCA 1987) (same).
Lisboa v. Dade County Property Appraiser, 705 So.2d 704 (Fla. 3d DCA 1998), acknowledged Juarrero, but observed that "immigration policies of the United States have changed considerably since Juarrero was decided [and that] Mr. Juarrero's visa today would not be of a temporary nature." Id. at 707 (citing Dep't of Health & Rehabilitative Servs. v. Solis, 580 So.2d 146, 149 (Fla.1991) ("[A]n asylum applicant is present in the United States with no defined end or defined purpose as set out by Congress regarding temporary aliens. The status of the ... family will not change until the family chooses to leave this country or INS acts on the application for asylum.")). Rather, Mr. Juarrero's status would be that of one "permanently residing under color of law." Id.
Under Lisboa, only a limited category of aliens  those with asylum applications pending as of the relevant taxing date  satisfy the homestead residency requirement without having obtained permanent resident status. Id. at 705-07 (citing 8 U.S.C. § 1101(a)(31) (stating that "permanent" means relationship of continuing or lasting nature as distinguished from temporary)); see also Opp. Atty. Gen. Fla. 2005-55 (2005).
Although federal immigration policies may have changed, Juarrero has not been overruled. The property appraiser argues correctly that, at most, Lisboa crafts a limited exemption from Juarrero's general rule for those homestead exemption applicants who are also seeking political asylum. Lisboa's narrow holding supports the property appraiser's position:
The central question presented in this case is whether, as a matter of Florida law, an applicant for political asylum whose application is pending as of the relevant taxing date, is a "permanent resident" for purposes of Florida's homestead exemption from ad valorem taxation. Based upon our review of Florida law, as well as the expert testimony presented below on the current status of United States immigration law, *236 we answer this question in the affirmative.
Lisboa, 705 So.2d at 706.
We sympathize with the Homeowners, who, apparently, have chosen to make Charlotte County their home. But, because the homestead exemption provides relief from an ad valorem tax, we must construe the statute strictly against them. See Capital City Country Club, Inc. v. Tucker, 613 So.2d 448, 452 (Fla.1993) (citing axiom that all tax exemptions are to be construed strictly). Based on our record, we are compelled to abide by the applicable provisions of the Florida Administrative Code and Juarrero, notwithstanding the limited exception, not applicable here, carved out by Lisboa. Accordingly, we affirm the trial court's final summary judgment.
Affirmed.
STRINGER and SILBERMAN, JJ., concur.