W. HOMER SMITH, as Tax Assessor of Volusia County, Florida, C. S. PAUL, as Tax Collector of Volusia County, Florida, and J. M. LEE, as Comptroller of the State of Florida v. FRED R. VOIGHT.

28 So. (2nd) 426                                          June Term, 1946
December 20, 1946                                          Division A

*Charles W. Luther,* for appellants.
*Murray Sams,* for appellee.

ADAMS, J.:

Fred R. Voight applied to the Tax Assessor of Volusia County for homestead exemption under Section 7 of Article 10, Florida Constitution, which reads:

"Every person who has the legal title or beneficial title in equity to real property in this State and who resides thereon and in good faith makes the same his or her permanent home, or the permanent home of another or others legally or naturally dependent upon said person, shall be entitled to an exemption from all taxation, except for assessments for special benefits, up to the assessed valuation of Five Thousand Dollars on the said home and contiguous real property as defined in Article 10, Section 1, of the Constitution, for the year 1939 and thereafter. Said title may be held by the entries, jointly or in common with others, and said exemption may be apportioned among such of the owners, as shall reside thereon, as their respective interests shall appear, but no such exemption of more than Five Thousand Dollars shall be allowed to any one person or any one dwelling house, nor shall the amount of the exemption allowed any person exceed the proportionate assessed valuation based on the interest owned by such person. The Legislature may prescribe appropriate

and reasonable laws regulating the manner of establishing the right to said exemption."

The Tax Assessor refused the application because appellant was not a citizen of the United States. On review before the County Commissioners the ruling was affirmed whereupon Voight filed suit for a declaration decree naming the Tax Assessor, Tax Collector and Comptroller as defendants.

Decree was entered on the bill for Voight and defendants appealed.

To demonstrate the correctness of the decree we call attention to the elimination of certain language in the above quoted amendment from that which existed in the former Section 7 of Article 10, namely: " . . . to every head of a family who is a citizen of and resides in the State of Florida . . ."

Steuart v. State, ex rel. Dolcimascolo, 119 Fla. 117, 161 So. 378, was decided under the superseded section and is of no help here other than to obviously signify a purpose in the change noted in the later amendment.

See Croker v. Croker, 51 Fed. (2nd) 11 and Biennial Report of the Attorney General, 1939-1940, page 438.

The decree is correct and is affirmed.

CHAPMAN, C. J., concurs specially.

TERRELL and BUFORD, JJ., concur.

CHAPMAN, J., concurring specially:

It appears by the record in this cause that Fred R. Voight and wife, Kate Voight, on August 17, 1944, acquired by purchase and became the owners of an estate by the entireties of approximately twenty acres of land in Volusia County (not situated within the corporate limits of any municipality), and the parties lived and made their permanent home upon the property. They seasonably applied to the taxing authorities of Volusia county for a homestead tax exemption of $5,000.00 on the property for the taxing year 1946 under the provisions of Section 7 of Article 10 of the Constitution of Florida adopted and approved by the voters of Florida at the 1938 General Election. The application of the Voights for the

$5,000.00 tax exemption was refused or denied, largely upon the theory that Voight was not a citizen of the United States.

Voight exhibited his bill of complaint in the Circuit Court of Volusia County against the taxing authorities of the County and Honorable J. M. Lee, State Comptroller, and contended that it was not essential for the plaintiff (Voight) to be a citizen of the United States to entitle him to claim and receive the benefits of the homestead tax exemption as provided for by Section 7 of Article 10 of the Constitution of Florida adopted at the 1938 General Election. The parties below, on a motion to dismiss the bill of complaint, admitted that Voight was an alien but the Chancellor denied the motion to dismiss and entered a final decree, thereby holding that homestead tax exemption of $5,000.00, under Section 7 of Article 10 of the Florida Constitution, was not restricted or limited to citizens of the United States but that the rights and benefits thereof were extended to and included aliens. The defendants below appealed.

It is here contended that the decree entered in the lower court should be reversed on authority of (a) Steuart v. State ex rel. Dolcimascolo, 119 Fla. 117, 161 So. 378; (b) Rast v. Hulvey, 77 Fla. 74, 80 So. 750; (c) Sections 192.15 and 192.15, Fla. Stats. 1941 (F.S.A.); (d) Section 18 of the Declaration of Rights adopted at the 1926 General Election. The Steuart case, supra, construed or interpreted the amendment adopted at the 1934 General Election and was viz: "There shall be exempt from all taxation, other than special assessments for benefits, to every head of a family who is a citizen of and resides in the State of Florida, the homestead as defined in Article 10 of the Constitution of Florida up to the valuation of $5,000.00; provided, however, that the title to said homestead may be vested in such head of a family or in his lawful wife residing upon such homestead or in both." In the Steuart case, *supra,* we followed the language of the amendment viz: "head of a family who is a citizen of and resides in the State of Florida," and reached the conclusion that the term "citizen" was controlling.

Amended Section 7 of Article 10, adopted in 1938, removed the "citizen" provision and extended the homestead exemp-

tion to "every person . . . in this state and who resides thereon and in good faith makes the same his or her permanent home." It is fundamental that Section 192.14 and 192.15, Fla. Stats. 1941 (F.S.A.), cannot supersede the cited provision of the Constitution. Section 18 of the Declaration of Rights adopted in 1926 has no application to a homestead exemption provided for in Amended Section 7 of Article 10, *supra*. The other authorities cited have been carefully considered. I fail to find error in the record and concur in the judgment of affirmance as prepared by Mr. Justice Adams.