QUESTIONS:
1. Does an applicant for Florida's homestead tax exemption have to purchase Florida license plates for all motor vehicles owned by him or her in order to be granted the exemption?
2. Does an applicant for Florida's homestead tax exemption have to register as a legal voter in the county in which the homestead property is located in order to be granted the exemption?
3. Do the requirements for qualification for the homestead tax exemption apply to military personnel as well as civilians?
SUMMARY:
An applicant for Florida's homestead tax exemption is not required to be a citizen or to have purchased Florida license plates for his or her motor vehicles nor to have registered to vote in the county in which the homestead property is located in order to qualify for the homestead tax exemption. Such facts may be looked to by the assessor in making his or her determination of whether the applicant has established his or her "permanent residence" on the property, but the presence or absence of such facts is not conclusive of the establishment or nonestablishment of permanent residence. Military personnel may establish permanent residence in Florida and qualify for Florida's homestead tax exemption, but if such personnel retain their legal residence or domicile in another state by availing themselves of certain provisions of the Soldiers and Sailors Civil Relief Act, such action would appear to negate any assertion that Florida is their permanent residence.
As qualified by the following discussion, questions 1 and 2 are answered in the negative and question 3 in the affirmative.
Florida's tax exemption for homesteads is provided by Art. VII, s. 6, State Const., and s. 196.031, F.S. The constitutional provision does not establish an absolute right to a homestead exemption; rather, the exemption may be granted to an applicant only "upon establishment of right thereto in the manner prescribed by law." Horne v. Markham, 288 So.2d 196, 199 (Fla. 1974). The thrust of your questions is with regard to the requirements of the constitutional and statutory provisions that the applicant must have "maintain[ed] thereon the permanent residence of the owner, or another legally or naturally dependent upon the owner." The legislature has defined the words "permanent residence" in s. 196.051, F.S.:
"The words "resident," "residence," "permanent residence," "permanent home" and those of like import, shall not be construed so as to require continuous physical residence on the property, but mean only that place which the person claiming the exemption may rightfully and in good faith call his home to the exclusion of all other places where he may, from time to time, temporarily reside."
Accord: City of Jacksonville v. Bailey, 30 So.2d 529 (Fla. 1947).
The question of whether a person is maintaining his or her "permanent residence" on certain property is, within the above statutory guideline, a question of fact to be determined in the first instance by the assessor. Attorney General Opinions 058-329 and 072-154. Relevant factors for the assessor to consider in making this determination would be, inter alia, whether or not the applicant has a Florida driver's license, Florida license plates on his or her automobile, or is registered to vote in the county in which the homestead property is located. See 16 Fla. Jur. Homesteads s. 8 for a more lengthy list of relevant factors. However, none of the factors indicated are either required or conclusive to establish the applicant's permanent residence on the property. See AGO 049-192, May 4, 1949, Biennial Report of the Attorney General, 1949-1950, p. 284. It should also be noted that citizenship is not a prerequisite for claiming a homestead tax exemption. Smith v. Voight, 28 So.2d 426 (Fla. 1946); Juarrero v. McNayr, 157 So.2d 79 (Fla. 1963); accord: Attorney General Opinion 061-148.
In AGO 072-154, the question was whether a federal income tax return is valid proof for application for the homestead tax exemption. My reply then, relevant to your questions, was:
"Qualification for the homestead exemption of s. 196.031, F.S. 1969, is determined in the first instance by the tax assessor. Section 196.071, F.S. The requirement of "permanent residence" is generally an intent to reside at a particular place for an indefinite period of time with no intention of moving. Engel v. Engel, Fla. 97 So.2d 140 (2 D.C.A. Fla., 1957); AGO 051-91, April 23, 1951, Biennial Report of the Attorney General 1951-1952, p. 350. When an applicant has presented convincing evidence of his residence to the tax assessor the exemption may be granted subject to review. Because of the nature of a federal income tax return, I am of the opinion that such a return may be considered in determining an applicant's residence. Standing alone, however, the return would not necessarily constitute conclusive evidence of a permanent residence."
Thus, the facts that an applicant for a homestead tax exemption has Florida license plates on his or her car and he or she is registered to vote in the county in which the homestead property is located may be looked to by the assessor as relevant in making the determination of whether the permanent residence requirement has been met. However, neither of those facts is conclusive that permanent residence has been established and, conversely, the absence of either one or both of these facts is not conclusive that permanent residence has not been established.
Your third question has been answered in the affirmative; both military personnel and civilians must satisfy the permanent residence requirement of the Constitution and statutes before a homestead exemption may properly be granted. An exception is provided by ss. 196.061 and 196.071, F.S., so that military personnel who have qualified for Florida's homestead tax exemption but later transfer their residence temporarily to another location because of their military duties will not lose their Florida homestead tax exemption. See AGO 071-55 where I expressed the opinion that a serviceperson is entitled to a homestead tax exemption even though he or she may be transferred elsewhere during his or her ownership, and rental of such property previously impressed with homestead status does not constitute abandonment for tax purposes.
Military personnel stationed in Florida may, of course, qualify for the homestead tax exemption provided, inter alia, they establish the homestead as their permanent residence. However, military personnel who take advantage of provisions of the Soldiers and Sailors Civil Relief Act of 1940, 50 App. U.S.C. § 501
et seq., which permit them to avoid having to acquire a Florida driver's license, Florida license plates for their automobile, and having to pay certain Florida taxes, are permitted to do so because they are considered to remain legal residents of, or domiciled in, their "home" state, 50 App. U.S.C. § 574(1). By taking advantage of such provisions, such action would appear to clearly negate any other assertions, oral or in writing, by affidavit or otherwise, that Florida is such an individual's "permanent residence." As stated in 11 Fla. Jur. Domicil and Residence s. 31:
"It is said that the best proof of one's domicil is his own statement as to where it is. However, declarations may be controlled by other facts in the case, and where the declarations of a party are inconsistent with his acts, his conduct is of greater evidential value than his declarations. . . ." (Emphasis supplied.)