SHEPHERD, J.
 

 This is an appeal by the Miami-Dade County Property Appraiser and the Florida Department of Revenue from a final summary judgment, bestowing an exemption from ad valorem taxation upon the owners of residential real estate in Miami-Dade County on the basis the property is the “permanent residence” of them minor children, who are “naturally dependent” upon them within the meaning of article VII, section 6(a) of the Florida Constitution.
 
 [1]
 
 We affirm the decision of the trial court.
 

 FACTS AND PROCEDURAL HISTORY
 

 The homeowners in this case, David and Ana Andonie, are citizens of Honduras, lawfully residing in the United States pursuant to temporary visas issued by the United States Department of Homeland Security. In 2003, the Andonies purchased a condominium in Key Biscayne,
 
 *519
 
 Florida, which they occupy together with their three minor children, ages 7, 12, and 14. The children are United States citizens. Prior to January 1, 2006, the Andonies timely filed an application for an exemption from real estate taxes on the property, pursuant to article VII, section 6(a) of the Florida Constitution, for the 2006 ad valorem taxing year.
 
 See
 
 Art. VII, § 4(d), Fla. Const. On the application form, David Andonie stated under oath: “My children are U.S. citizens, aged 7, 12, and 14 living at this address and are legally and naturally dependent on me, thereby qualifying for the homestead exemption.” It is undisputed that David and Ana Andonie are legally incapable of qualifying as “permanent residents” of Miami-Dade County.
 
 See Juarrero v. McNayr,
 
 157 So.2d 79, 81 (Fla.1963) (finding that a non-citizen present in the United States under a temporary visa “cannot ‘legally,’ ‘rightfully’ or in ‘good faith’ make or declare [himself]” a “permanent resident” of this state for purposes of article VII, section 6(a));
 
 DeQuervain v. Desguin,
 
 927 So.2d 232, 235 (Fla. 2d DCA 2006);
 
 Alcime v. Bystrom,
 
 451 So.2d 1037, 1037 (Fla. 3d DCA 1984). The Miami-Dade County Property Appraiser administratively denied the application, but that decision was overturned upon petition by the Andonies to the Miami-Dade County Value Adjustment Board. In due course, the Property Appraiser contested the decision in an original proceeding filed in the Eleventh Judicial Circuit Court.
 
 See
 
 § 194.171(1), Fla. Stat. (2006).
 
 [2]
 
 On cross-motions for summary judgment, the trial court found the Andonies were entitled to the exemption.
 

 ANALYSIS
 

 The Florida Constitution protects Florida homesteads in three distinct ways.
 
 Snyder v. Davis,
 
 699 So.2d 999, 1001-02 (Fla.1992). Article VII, section 6(a) of the Florida Constitution provides homesteads with an exemption from taxes.
 
 Id.
 
 Article X, sections 4(a) and 4(b) afford qualifying homestead property life-time and death-time exemptions from forced sale.
 
 Id.
 
 Article X, section 4(c) imposes restrictions on the devise of homestead property for the benefit of a surviving spouse or minor child.
 
 Id.
 
 This case concerns the first of these protections.
 

 The current provision reads in pertinent part:
 

 SECTION 6. Homestead exemptions—
 

 (a) Every person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner, or another legally or naturally dependent upon the owner, shall be exempt from taxation thereon, except assessments for special benefits, up to the assessed valuation of twenty-five thousand dollars and, for all levies other than school district levies, on the assessed valuation greater than fifty thousand dollars and up to seventy-five thousand dollars, upon establishment of right thereto in the manner prescribed by law.
 

 Art. VII, § 6(a), Fla. Const, (emphasis added). The plain language of article VII, section 6(a) provides that an owner of residential real estate in Florida is constitutionally entitled to an exemption from ad valorem taxation — more accurately, a reduction in the assessed value — under either of the following two separate and independent scenarios:
 

 
 *520
 
 1. Where the owner of the property is a permanent resident on the property,
 

 or
 

 2. Where someone legally or naturally dependent on the owner is a permanent resident on the subject property-
 

 See id.
 

 Section 196.012, Florida Statutes (2006), defines “permanent residence” for purposes of this provision as follows:
 

 (18) “Permanent residence” means that place where a person has his or her true, fixed, and permanent home and principal establishment to which, whenever absent, he or she has the intention of returning. A person may have only one permanent residence at a time; and, once a permanent residence is established in a foreign state or country, it is presumed to continue until the person shows that a change has occurred.
 

 (Emphasis added).
 
 [3]
 

 In support of his motion for summary judgment in the trial court, David Andonie swore by affidavit to the following:
 

 AFFIDAVIT OF DAVID ANDONIE
 

 The following affidavit of David Ando-nie is made for the purpose of supporting his application for homestead exemption from property taxation for 2006 for property identified by property tax folio number 24-4232-016-2730 (“subject property”):
 

 1. My wife Ana and I bought a condominium for ourselves and our children in April, 2003. The condominium unit is located....
 

 2. I filed a homestead exemption application with respect to the subject property as of January 1, 2006. To the exclusion of all others, this is our home where in good faith we live. It is the residence of my wife and myself, and the permanent residence of our three U.S.-born children.
 

 3. In this present summary judgment proceedings, my wife and I do not claim the right to homestead exemption based on our permanent residence at this location, but upon the fact that our three minor children, who are naturally and legally dependent upon my wife and me, live here on the subject property, which we as their parents and natural and legal guardians, make their home. For our children, this home is their permanent residence, where they live along with their mother and me.
 

 [[Image here]]
 

 7. Because our three children are U.S.born and are U.S. citizens, no one can lawfully tell them that they do not have the right to remain permanently in the United States. The subject property is the permanent residence of each of our three children, Nicholas, Luisa, and Kristen.
 

 [[Image here]]
 

 9. I claim no other homestead tax exemption in Florida for myself nor for others naturally or legally dependent on me for support. All three of my children were, as of January 1, 2006, and through today, are entirely dependent on my wife and me for support and maintenance, living and
 
 *521
 
 permanently residing on the subject property.
 

 There is no evidence contradicting the factual assertions made by David Andonie in his affidavit, nor is there any evidence in the record from which we can conclude the affidavit was made other than in good faith. Although one might wonder whether his assertions are congruent with the laws of nature, we apply in this court the constitution and laws of the State of Florida. Applying this law, whether of the statutory variety or an ordinary and customary usage standard, it cannot be gainsaid that these Honduran parents have adequately declared that whatever may become of their ability to remain in the United States in the future, they fully plan and intend for their U.S.-born children to “permanently resid[e]” in the United States.
 

 Despite the Andonies’ sworn assertions, the Property Appraiser asserts in these situations the taxpayer-parents still cannot maintain an exemption through their children. The argument appears to be comprised of two thrusts. First, the Property Appraiser asserts the minor children’s domicile is dependent upon the domicile of the father, who is a non-Florida resident. Secondly, the Property Appraiser relies on the term “who resides thereon,” as found in section 196.031(l)(a), to argue the statute requires the title owner to reside on the property permanently. As discussed below, neither argument has merit.
 

 Minors
 

 First, relying principally on authorities that pre-date the adoption of article VII, section 6(a), the Property Appraiser advances the broadly accurate proposition in the common law that “ ‘[Mjinors are incapable in Florida of making a choice of a domicile ... independently of the domicile of their father [or other parent] ...,’” citing to
 
 Beekman v. Beekman,
 
 53 Fla. 858, 43 So. 923, 924 (Fla.1907), and
 
 Chisholm v. Chisholm,
 
 98 Fla. 1196, 125 So. 694, 702 (Fla.1929).
 
 [4]
 
 On the strength of this common law proposition, the Property Appraiser asserts that because the domicile of the Andonies must be a place other than Florida, the domicile of their children must also be a place other than Florida. Not only is this general common law proposition contravened by the constitutional provision we are called upon to apply in this case,
 
 [5]
 
 but also the Property Appraiser’s reliance on these
 
 *522
 
 authorities is itself misplaced. A careful study of these cases — both marital dissolution cases in which the dispositive issue was whether the requisite jurisdictional residency requirement had been satisfied by the petitioner — reveals that the petitioner either was seeking to include periods of time during her minority when she was either living in another state with her parents and “merely intended” to move to Florida,
 
 see Beekman,
 
 53 Fla. at 862, 43 So. at 924, or could not prove her parents were domiciled in Florida during the relevant time period,
 
 see Chisholm,
 
 98 Fla. at 1219, 125 So. at 702. In factual contrast, both the parents and the children in this case were present in Miami-Dade County on the January 1, 2006, ad valorem taxing date.
 
 [6]
 

 In further support of the first argument, the Property Appraiser seeks to invoke Florida Administrative Code Rule 12D-7.014, a rule of the Florida Department of Revenue entitled “Civil Rights,” which decrees (one might argue, oxymo-ronically) that “An unmarried minor whose disabilities of non-age have not been removed may not maintain a permanent home away from his parents such as to entitle him or her to homestead exemption,” citing, coincidentally,
 
 Beekman,
 
 which we already have fully discredited as applicable to the interpretive issue in this case. Of course, this rule is as much in conflict with the express language of article VII, section 6(a), as is the common law principal previously discussed, which the Property Appraiser would have us apply in contravention of the plain language of the provision — so much so, apparently, that the Department of Revenue itself makes no defense of the rule.
 
 [7]
 
 The express will of the people, as articulated by them in their constitution, may not be altered, contracted or enlarged by legislative or executive branch enactments or rules.
 
 See Sparkman v. State ex rel. Scott,
 
 58 So.2d 431, 432 (Fla.1952) (holding that a statute imposing a one-year residency requirement on entitlement to an exemption from ad valorem taxation under article X, section 7 [now article VII, section 6(a) ] of the Florida Constitution was invalid because it was materially different from the constitutional provision and attempted to restrict it). The Andonies seek to obtain an exemption from ad valorem taxation under article VII, section 6(a), based upon the permanent residence of their natural children. The Property Appraiser may not condition this benefit on the legal status of the Andonies in the United States.
 

 In a final attempt to demonstrate that a minor cannot maintain a permanent residence separate from their parents, the Property Appraiser calls our attention to opinion 82-27, in which the attorney general opined that an out-of-state parent could
 
 *523
 
 not receive the benefit of the ad valorem taxation exemption on real property in Florida, which was claimed to be the permanent residence of a minor college student. Op. Att’y Gen. Fla. 82-27 (1982). Because the opinion is based upon the same faulty application of
 
 Beekman
 
 and
 
 Chisholm,
 
 as previously discussed, we do not find the opinion persuasive.
 

 “Who Resides Thereon”
 

 The Property Appraiser’s second argument is that in addition to holding either legal or equitable title, as required by article VII, section 6(a), the person claiming the exemption — David and Ana Andonie in this case — must also permanently “reside thereon.” The Property Appraiser invokes section 196.031(l)(a) of the Florida Statutes in support of this argument. The provision reads:
 

 (l)(a) Every person who, on January 1, has the legal title or beneficial title in equity to real property in this state and who resides thereon and in good faith makes the same his or her permanent residence, or the permanent residence of another or others legally or naturally dependent upon such person, is entitled to an exemption from all taxation, except for assessments for special benefits, up to the assessed valuation of $25,000 on the residence and contiguous real property, as defined in s. 6, Art. VII of the State Constitution.
 

 § 196.031(l)(a), Fla. Stat. (2006) (emphasis added). A review of the history of the emphasized phrase reveals that it is a vestige of the past, probably inadvertently carried forward into the modern statutory scheme relating to section 196.031, and thus, legally ineffective.
 

 Article VII, section 6 [then article X, section 7] of the Florida Constitution was initially added to the Florida Constitution by the people in a General Election held on November 6, 1934. As then adopted, the provision initially did not contain a requirement that the exemption claimant “reside upon” the homestead property:
 

 Section 7. There shall be exempted from all taxation, other than special assessments for benefits, to every head of a family who is a citizen of and resides in the State of Florida, the homestead as defined in Article X of the Constitution of the State of Florida up to the valuation of $5,000.00; provided, however, that the title to said homestead may be vested in such head of a family or in his lawful wife residing upon such homestead or in both.
 

 Art. X, § 7, Fla. Const. (1885) (amended 1934).
 

 Two years later, the Florida Legislature passed Chapter 17060 Acts of the 1935 Session of the Legislature, now section 196.031 of the Florida Statutes, which included the language “who resides thereon” in the proviso.
 
 [8]
 
 Because there was some doubt at the time concerning whether the 1935 statutory exemptions were covered by the 1934 amendment to article X,
 
 see
 
 Op. Att’y Gen. Fla. 0-10 (1939) at 441, the
 
 *524
 
 constitutional provision was amended by the people at the General Election of November 8,1938, to read as follows:
 

 Section 7. Every person who has legal title or beneficial title in equity to real property in this State and who resides thereon and in good faith makes the same his or her permanent home, or the permanent home of another or others legally or naturally dependent upon said person, shall be entitled to an exemption from all taxation, except for assessments for special benefits, up to the assessed value of Five Thousand Dollars on the said home and contiguous real property for the year 1938 and thereafter.
 

 Art. X, § 7, Fla. Const. (1885) (amended 1938) (emphasis added).
 

 In the revisions made to the Florida Constitution in 1968, article X, section 7, was amended and renumbered to article VII, section 6. The amendment also eliminated the language “who resides thereon” and added condominiums and cooperatives to the list of qualifying homestead property. The 1968 provision read in pertinent part:
 

 SECTION 6. Homestead exemptions—
 

 (a) Every person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner, or another legally or naturally dependent upon the owner, shall be exempt from taxation thereon except assessments for special benefits, up to the assessed valuation of five thousand dollars, upon establishment of right thereto in the manner prescribed by law. The real estate may be held by legal or equitable title, by the entireties, jointly, in common, as a condominium, or indirectly by stock ownership or membership representing the owner’s or member’s proprietary interest in a corporation owning a fee or leasehold initially in excess of ninety-eight years.
 

 Art. VII, § 6(a), Fla. Const. (1968). Thereafter, the correlative statute, section 196.031, was updated to incorporate the 1968 additions to article VII, section 6— i.e., the addition of condominiums and cooperatives. However, the statutory draftsmen did not remove the phrase “who resides thereon,” as clearly should have occurred.
 
 See supra
 
 at n. 4. Despite having been removed from the constitutional provision in 1968, the phrase remains in the statutory provision today.
 
 See
 
 Ch. 67-339, at 1079, Laws of Fla. For many of the same reasons previously discussed, we find this appendage to section 196.031 to be unenforceable and thus, we decline to be guided by the statute.
 

 Finally, we note that both during and after the appearance of this phrase in article X, section 7 [now article VII, section 6] of the Florida Constitution, it was not interpreted by the enforcing authorities as literally as one might think should have been.
 
 Compare
 
 Op. Att’y Gen. Fla. 0-10 (1939) at 443 (defining “resides thereon” as a requirement that there be a dwelling house upon the land in question)
 
 with
 
 Op. Att’y Gen. Fla. 82-27 (1982) (opining that interpretation of “resides thereon” as a separate residence requirement would be contrary to the constitutional provision)
 
 and
 
 Fla. Admin. Code R. 12D-7.07 (4) (2006) (stating that a person not residing in a taxing unit but owning property therein may claim such property as tax exempt by reason of residence on the property of natural or legal dependents).
 

 CONCLUSION
 

 For all of the foregoing reasons, we find that David and Ana Andonie are entitled to the benefit of the homestead ad valorem
 
 *525
 
 tax exemption appearing in article VII, section 6(a) of the Florida Constitution.
 

 Affirmed.
 

 [1]
 

 . This type of homestead is sometimes called "common homestead" to distinguish it from the less well-known, but important benefits found in article X, section 4 of the Florida Constitution.
 

 [2]
 

 . This proceeding was a de novo proceeding.
 
 See
 
 § 194.036(3), Fla. Stat. (2006). The proceeding here is therefore by appeal.
 
 See
 
 Art. V, § 4(b)(1), Fla. Const.
 

 [3]
 

 . Chapter 196 of the Florida Statutes exists for the purpose of enabling those exemptions authorized by the Florida Constitution to be implemented by general law and providing guidance for the administration of exemptions from taxation.
 
 See, e.g.,
 
 Art. VII, § 3(a), Fla. Const.
 

 [4]
 

 . Although the concepts of "residence” and "domicile” are not interchangeable, they do overlap in some cases. That is so in this case.
 
 See, e.g.,
 
 77 Am.Jur.2d Venue § 29 "Relationships between ‘Residence and Domicil’ " [sic];
 
 State v. Mills,
 
 627 N.W.2d 790 (S.D.2001).
 

 [5]
 

 . The provision is indubitably a self-executing provision of the Florida Constitution.
 
 See Gray v. Bryant,
 
 125 So.2d 846, 851 (Fla.1960) (defining a self-executing provision of the Florida Constitution as one which “lays down a sufficient rule by means of which the right ... may be determined, enjoyed or protected without the aid of legislative enactment”); Op. Att’y Gen. Fla. 0-10 (1939) at 441 (opining that the provision as originally adopted by the people in 1938 to be self-executing);
 
 but see Haddock v. Carmody,
 
 1 So.3d 1133, 1135—36 (Fla. 1st DCA 2009). As such, it vests only the concomitant limited authority in the legislature and rule-making bodies to adopt laws and regulations affecting it.
 
 See Smith v. Coal. to Reduce Class Size,
 
 827 So.2d 959, 962 (Fla.2002) (overruled on other grounds);
 
 see also Browning v. Fla. Hometown Democracy, Inc., PAC,
 
 29 So.3d 1053 (Fla.2010). As a matter of principle, the same limitations on legislative authority should inform the judicial branch in its approach to interpreting statutes regulating article VII, section 6 of the Florida Constitution.
 
 Cf.
 
 Op. Att’y Gen. Fla. 0-10 (1939) at 442 (”[L]egislation may be desirable by way of providing convenient remedies for the protection of the right secured, or of regulating the claim of the right so that its exact limits may be known and understood; but all such legislation must be subordinate to the constitutional provision, and in furtherance of its purpose, and not in any particular attempt to narrow or embarrass it.”).
 

 [6]
 

 . The Property Appraiser also cites
 
 Florida Department of Education v. Harris,
 
 338 So.2d 215 (Fla. 1st DCA 1976), to bolster the ger-maneness of these older cases.
 
 Hants
 
 cannot be read to assist the Property Appraiser. In
 
 Harris,
 
 the parties stipulated, probably without a basis in the evidence, that tire plaintiff, nineteen year-old Florida State University student John Harris, qualified as an emancipated minor for tuition-paying classification in the state university system under
 
 Beekman
 
 and
 
 Chisholm. Id.
 
 at 216. However, the ratio decidendi of the District Court, which ultimately found Harris ineligible for a reduced in-state tuition classification, was based upon a plain reading of the Board of Regents’ rules.
 
 Id.
 
 at 219.
 

 [7]
 

 . Having neither joined in the arguments made by the Property Appraiser in this case, nor appeared for oral argument, we conclude the Department finds these arguments to be unmeritorious.
 
 See
 
 § 213.05, Fla. Stat. (2006) (charging the Florida Department of Revenue with statewide control over the administration of ad valorem taxation in the state).
 

 [8]
 

 . The statute read as follows:
 

 Section 2. Every person who is a citizen and resident of the State of Florida and who has legal or beneficial title in equity to real property in the State of Florida, including vendees in possession under bona fide contracts to purchase and such instruments by and under which such title is claimed are recorded with the Clerk of the Circuit Court of the County in which said homestead property lies and who resides thereon and in good faith makes the same his or her permanent home shall be deemed to the head of a family and entitled to an exemption from all taxation except for special assessments for benefits, up to the assessed valuation of Five Thousand Dollars on said homestead.
 

 Ch. 17060, Laws of Fla. (1935) (emphasis added).