LABARGA, J.
This case is before the Court on the Miami-Dade Property Appraiser’s (Property Appraiser) appeal of the Third District Court of Appeal’s decision in De La Mora v. Andonie, 51 So.3d 517 (Fla. 3d DCA 2010).[1] In Andonie, the Third District affirmed a circuit court’s grant of an ad valorem homestead tax exemption to David and Ana Andonie (the Taxpayers), and declared a portion of section 196.031(1), Florida Statutes (2006), invalid and unenforceable because the statutory provision limits the class of property owners otherwise eligible for ad valorem tax relief under article VII, section 6(a), of the Florida Constitution. This Court has jurisdiction of the appeal under article V, section 3(b)(1) of the Florida Constitution.
Overview
In this appeal, the Property Appraiser argues that the Third District erred by concluding that a portion of section 196.031(1) is invalid and unenforceable. The Property Appraiser also argues that the record evidence in this case is insufficient to establish the Taxpayers’ entitlement to the ad valorem tax exemption provided for in article VII, section 6(a), of the Florida Constitution. Accordingly, the Property Appraiser argues that the Third *342 District erred in affirming the circuit court’s judgment that grants the Taxpayers the ad valorem tax exemption provided for in article VII, section 6(a), of the Florida Constitution. In this opinion, we discuss two separate issues relating to a property owner’s entitlement to the ad valorem tax exemption provided for in article VII, section 6(a), of the Florida Constitution.[2]
First, we address the legal elements that must be proven to establish entitlement to this constitutional tax exemption. Relative to this issue of law, we hold that the express language of the Florida Constitution, as amended in 1968, creates the right for every person who owns Florida real property to receive a prescribed reduction in the taxable value of that property[3] where the owner maintains on the property either (1) the permanent residence of the owner or (2) the permanent residence of another legally or naturally dependent on the owner — provided the individual for whom the permanent residence is maintained has no legal impediment to residing on the property on a permanent basis. Based on this conclusion, we hold consistent with the Third District’s decision in Andonie that section 196.031(1), Florida Statutes (2006), is invalid and unenforceable to the extent that it imposes a substantive requirement for entitlement not contained in the Constitution and thereby materially limits the class of taxpayers entitled to ad valorem tax relief under the Florida Constitution.
The second issue we address relates to the facts and procedural posture of this particular case. The Property Appraiser concedes that the taxpayers here would be entitled to the ad valorem tax exemption had they introduced sufficient evidence establishing that they were, in fact, maintaining the permanent residence of their minor children on their Florida property. The Property Appraiser argues, however, that the evidence introduced by the Taxpayers — an affidavit establishing that the Florida property is being used as the permanent residence of the Taxpayers’ minor children — was “self-serving” and, thus, insufficient. We conclude that the Property Appraiser’s argument regarding the sufficiency of the evidence was not preserved below and is thus waived. Further, we conclude that the Property Appraiser’s factual arguments predicated on the insufficiency of the evidence are flawed because the Property Appraiser had the burden of proof in the circuit court proceeding that gave rise to this appeal. Moreover, we conclude that the uncontroverted evidence of record establishes that the Taxpayers’ minor children live on the property and have the legal right to live on the property permanently in accordance with their parents’ intent. Based on the foregoing, we affirm the Third District’s decision that, in turn, affirms the circuit court’s grant of the exemption to the Taxpayers.
We first examine the legal elements of entitlement that must be established by an owner of Florida property to obtain the ad valorem tax relief that is guaranteed to *343 owners of Florida property as a matter of constitutional right.
The Legal Elements of Entitlement for the Constitutional Homestead Tax Exemption
The determination of a statute’s constitutionality and the interpretation of a constitutional provision are both questions of law reviewed de novo. See Zingale v. Powell, 885 So.2d 277, 280 (Fla.2004) (“Although we take into consideration the district court’s analysis on the issue, constitutional interpretation, like statutory interpretation, is performed de novo.”). If the language in the constitution is clear, there is no need to resort to other tools of construction. Lawnwood Med. Ctr., Inc. v. Seeger, 990 So.2d 503, 510 (Fla.2008). Unless the text of the constitution suggests that a technical meaning of a word is intended, “words used in the constitution should be given their usual and ordinary meaning.” See id. at 512 (internal citations omitted). Accordingly, where the text of a constitutional provision does not suggest that a technical meaning was intended, the Court is not at liberty to add words so as to impose a technical meaning. See id. Constitutional analysis must begin with examination of explicit language of provisions in question and, where the language is unambiguous and addresses the matter at issue, the provision should be enforced as written. See Ford v. Browning, 992 So.2d 132, 136 (Fla.2008) (citing Fla. Soc’y of Ophthalmology v. Fla. Optometrie Ass’n, 489 So.2d 1118, 1119 (Fla.1986)). Based on the foregoing authority, we first examine the plain language of the constitutional provision that creates the right to an ad valorem tax exemption for owners of Florida property.
The Florida Constitution provides every owner of Florida real property the right to apply for[4] and receive a reduction in the assessed value of real property for ad valorem tax purposes, under specified circumstances. See art. VII, § 6(a), Fla. Const. Before the Florida Constitution was amended by the people of Florida in 1968, an owner of real property seeking to establish entitlement to a homestead tax exemption was required to both “reside” on the property in question and make the property either (1) his or her permanent home or (2) the permanent home of others legally or naturally dependent upon the owner.[5] When the Florida *344 Constitution was amended in 1968, the homestead tax exemption provision was renumbered and the requirement that the property owner reside on the property was removed. See art. VII, § 6(a), Fla. Const. Article VII, Section 6(a), of the Florida Constitution, as amended in 1968, states in relevant part:
Every person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner, or another legally or naturally dependent upon the owner, shall be exempt from taxation thereon ... upon establishment of right thereto in the manner prescribed by law.
Art. VII, § 6(a), Fla. Const, (emphasis added). Thus, the plain language of the Florida Constitution, as amended in 1968, requires that the property owner maintain on the property either (1) the permanent residence of the owner; or (2) the permanent residence of another legally or naturally dependent upon the owner. Accordingly, under the Florida Constitution there are two separate and independent means by which a property owner’s entitlement to the homestead tax exemption may be accomplished.[6] And, where a property owner claims a homestead tax exemption based on the owner’s act of maintaining the permanent residence of his or her dependents on the property, the owner need not also prove that he or she is residing on the property, permanently or otherwise, because the two textual means by which entitlement to the exemption may be established under the constitution are stated independently and as alternatives to one another. See art. VII, § 6(a), Fla. Const.; see also § 196.031(6), Fla. Stat. (2006) (explaining permanent resident of state other than Florida who is receiving tax exemption in that state is not precluded from also obtaining homestead tax exemption in Florida where owner maintains the permanent residence of dependents on Florida property); see generally Matter of Cooke, 412 So.2d 340, 341 (Fla.1982) (interpreting the 1968 constitutional revisions to the forced-sale homestead exemption provided for in the Florida Constitution and stating, “[W]e hold that although it is not necessary that the head of the family reside in the state or intend to make the property in question his permanent residence, he must establish that he intended to make this property his family’s permanent residence.”).
Notwithstanding the specific elements of entitlement to the ad valorem tax exemption contained in article VII, section 6(a), of the Florida Constitution (1968), section 196.031(1), a legislative enactment intended to implement the constitutional tax exemption contains a substantive element of entitlement that is no longer required by the Constitution:
Every person who, on January 1, has the legal title or beneficial title in equity to real property in this state and who resides thereon and in good faith makes the same his or her permanent residence, or the permanent residence of another or others legally or naturally dependent upon such person, is entitled to an exemption ... as defined in s. 6, Art. VII of the State Constitution.
*345 § 196.031(1), Fla. Stat. (2006) (emphasis added). Under the requirements of section 196.031(1), every property owner seeking the constitutional ad valorem tax exemption must establish that he is residing on the Florida property, regardless of whether the tax exemption is being claimed because the property is being maintained as the permanent residence of the property owner or as the permanent residence of the owner’s dependents. See § 196.031(1), Fla. Stat. (2006). Accordingly, the “and who resides thereon” element of entitlement set forth in section 196.031(1) — although accurately reflecting the requirements contained in the Florida Constitution as it existed before the 1968 revisions — is inconsistent with the requirements of the constitution as amended in 1968.
We have held that although the Legislature is permitted to enact laws regulating “the manner” of establishing the right to the constitutional homestead tax exemption, it cannot substantively alter or materially limit the class of individuals entitled to the exemption under the plain language of the constitution. See Sparkman v. State, 58 So.2d 431, 432 (Fla.1952) (declaring invalid statute that imposed one-year residence requirement for entitlement to homestead tax exemption, even though constitutional provision in question authorized Legislature to “prescribe appropriate and reasonable laws regulating the manner of establishing the right to [the] exemption”). Because the plain language of article VII, section 6(a), of the Florida Constitution permits an owner of Florida property to obtain the exemption based on the act of maintaining the permanent residence of his or her natural or legal dependents on the property— irrespective of the owner’s citizenship or place of residence, requirements that were removed from the Constitution — the additional “and who resides thereon” requirement imposed by section 196.031(1) substantively limits and narrows the class of property owners and taxpayers eligible for the ad valorem tax exemption under the plain language of the Florida Constitution.[7] Accordingly, we hold, consistent with the result reached by the Third District in Andonie, that the “and who resides thereon” criterion contained in section 196.031(1) is invalid and unenforceable as a legal element of entitlement[8] for the ad valorem tax exemption as provided for under the plain language of article VII, section 6.[9]
*346 We note that the Department of Revenue, the agency with statewide control over the administration of ad valorem taxation,[10] is a respondent before this Court. The Department argues that the Third District’s decision in Andonie is consistent with the Florida Constitution, Florida statutes, and the public policy that governs homestead tax exemption.. Further, in its brief, the Department maintains that the plain language of article VII, section 6(a), and the record before us permits the taxpayers here to establish entitlement to the ad valorem tax exemption. Accordingly, the Department of Revenue, the agency with the legal duty of prescribing rules and regulations for the collection of taxes, properly acknowledges the supremacy of the constitution over any administrative rule or statute that might limit the class of individuals eligible for the exemption under the plain language of the constitution. See § 195.027(1), Fla. Stat. (2006) (providing Department of Revenue shall prescribe rules for assessing and collecting taxes that are in compliance with the constitution). Thus, the Department, through its arguments to this Court, properly recognizes that although it has the authority to prescribe procedural rules for the collection and assessment of taxes, it is without the authority to impose substantive rules or elements of entitlement that limit the class of property owners and taxpayers otherwise eligible to receive the tax exemption under the Constitution.[11] See generally, Dep’t of Prof'l Regulation v. Florida Soc’y of Prof'l Land Surveyors, 475 So.2d 939, 942 (Fla. 1st DCA 1985) (explaining all rulemaking authority is limited by statute that confers such power); see also Sparkman, 58 So.2d at 432 (stating, “Express or implied provisions of the Constitution cannot be altered, contracted or enlarged by legislative enactments.”) (quoting State ex rel. West v. Butler, 70 Fla. 102, 69 So. 771, 777 (1915)). Based on the foregoing, we conclude that the legal elements of entitlement to the constitutional homestead exemption require a property owner to establish that the owner is maintaining on Florida real property either (1) the permanent residence of the owner or (2) the permanent residence of another legally or naturally dependent on the owner. And the additional element of *347 entitlement contained in section 196.031(1) requiring all property owners to demonstrate that they reside on the property is therefore invalid and unenforceable to the extent it limits the class of individuals eligible for the constitutional tax exemption.
We next turn to the appropriate legal standards to be used to determine whether a piece of property is being used as the “permanent residence” of either a property owner or the property owner’s dependents. Section 196.012(18), Florida Statutes (2006), defines “permanent residence” for ad valorem taxation purposes and states that the inquiry to be made in determining whether one’s property qualifies as a “permanent residence” is whether the property in question is being used as the “true” permanent home of the individual:
“Permanent residence” means that place where a person has his or her true, fixed, and permanent home and principal establishment to which, whenever absent, he or she has the intention of returning....
§ 196.012(18), Fla. Stat. (2006). Accordingly, because the legislative definition of “permanent residence,” consistent with the constitutional context from which it emerges, requires a determination as to whether the property is being used as the true permanent home or residence of the owner or his dependents, most determinations regarding whether a permanent residence is being maintained on Florida property will involve some level of factual inquiry regarding the actual use of the residential property in question.[12] Indeed, section 196.015 states that “[fintention to establish a permanent residence in this state is a factual determination,” see § 196.015, Fla. Stat. (2006), not an issue of law. Although section 196.015 contains a number of relevant discretionary factors that “may” be considered to make the factual determination as to whether the applicant for the tax exemption has the requisite intent to establish a permanent residence on his or her Florida property, this provision also cautions that no one factor is “conclusive” on this issue of fact. Id.
Thus, in most instances, an individual’s intent to establish a permanent residence on a piece of Florida real property will present an issue of fact. We have held, however, that some individuals — those who do not possess the legal right to permanently reside in Florida — cannot, as a matter of law, establish that their permanent residence is being maintained on Florida real property. See Juarrero v. McNayr, 157 So.2d 79, 81 (Fla.1963) (holding non-citizen in the United States under temporary visa “cannot ‘legally,’ ‘rightfully,’ or in ‘good faith’ make or declare” a “permanent home” of this state for purposes of establishing entitlement to homestead tax exemption).
*348 In Juarrero we concluded that citizenship is not a prerequisite for eligibility to the constitutional ad valorem tax exemption. Id. at 81. Nevertheless, we also held in Juarrero that where a non-citizen possesses only a temporary visa, he cannot legally form the intent to reside on Florida property permanently because he has no assurance that he can continue to reside in good faith for any fixed period of time in this country. Id. Hence, the rationale of Juarrero instructs that those without limitations or legal impediments on their right to live permanently on Florida property are included in the class of individuals for whom a permanent residence may be maintained on Florida property. And conversely, those who do not possess the legal right to reside permanently in Florida cannot be included in the class of individuals for whom a permanent residence may be maintained on Florida property. Thus, in a given case, the question of whether a property owner has maintained a permanent residence on Florida property — whether for the owner or another dependent upon the owner — will present a mixed question of fact and law. The question of fact centers upon whether the Florida property is being used and maintained as the “true” and actual permanent home of either the owner or the owner’s dependents, to be governed by the definition of permanent residence contained in section 196.012(18) and the factors set forth in section 196.015. And the legal question presented is whether the individual for whom the permanent residence is being maintained has a legal impediment to or restriction from living permanently on the Florida property. Accordingly, we affirm the decision of the Third District in Andonie, which reaches a consistent result.
Having defined the legal elements of entitlement that must be met for an owner of Florida property to establish entitlement to the constitutional tax exemption provided for in article VII, section 6(a), we now turn to the facts and the procedural history of this case.
This Case
The Taxpayers are a husband and wife, both citizens of Honduras, who are residing lawfully in the United States under a temporary (E-2)[13] visa issued by the United States Department of Homeland Security. The Taxpayers have three minor children — ages seven, twelve, and fourteen — who, unlike their parents, are citizens of the United States and the State of Florida. The Taxpayers own a residential condominium in Key Biscayne, Florida, and live on the property with their three minor children.[14] The record before this Court contains no evidence that suggests that the Taxpayers’ children have ever lived outside of Florida, nor is there an indication that the children have a legal impediment to residing in Florida on a permanent basis. For the 2006 tax year, the Taxpayers submitted to the Property Appraiser a timely application for a reduction in the assessed taxable value of their Florida property as provided for in article *349 VII, section 6(a), of the Florida Constitution. On the sworn application form generated by the Property Appraiser, the Taxpayers averred that their Florida property was being maintained as the permanent residence of their minor children, each of whom is a citizen of the United States and naturally and legally dependent on the Taxpayers. The Taxpayers did not seek to establish that the property was being used as their own permanent residence.
The Property Appraiser administratively denied the Taxpayers’ application for the ad valorem tax exemption for the stated reason that the Taxpayers are not permanent residents of Florida. The Taxpayers, as permitted by section 194.011(3), Florida Statutes (2006), petitioned the Miami-Dade County Value Adjustment Board to challenge the Property Appraiser’s denial.
After conducting a hearing on the Taxpayers’ petition, the Miami-Dade Value Adjustment Board granted the Taxpayers’ ad valorem tax exemption and, in so doing, overturned the Property Appraiser’s administrative denial of the exemption. The Property Appraiser then appealed the decision of the Value Adjustment Board to the circuit court. See § 194.036(1), Fla. Stat. (2006) (stating that appeals of the decisions of the Value Adjustment Board are made to the circuit court); see also § 194.036(3), Fla. Stat. (2006) (stating “the circuit court proceeding shall be de novo, and the burden of proof shall be upon the party initiating the action”). The Property Appraiser alleged in the circuit court that the Taxpayers were not entitled to the ad valorem tax exemption provided for in article VII, section 6(a), because the Taxpayers could not establish that the Florida property was being used as the Taxpayers’ permanent residence. The Property Appraiser also alleged that the exemption granted to the Taxpayers by the Value Adjustment Board violated the Florida Constitution and, for this reason, the Department of Revenue became a party plaintiff to the circuit court action as permitted by section 194.181(5), Fla. Stat. (2007).
In the circuit court, the Property Appraiser moved for summary judgment and alleged that because the Taxpayers were residing in the United States on a temporary visa, they were legally prohibited from obtaining the constitutional tax exemption at issue. Significantly, the Property Appraiser — the party that bore the burden of proof in the circuit court proceeding — did not introduce any evidence so as to establish that the Taxpayers’ minor children were not living on the property or that the children had a legal or factual impediment to living permanently on the Florida property — nor did the Property Appraiser prove to any degree that the Taxpayers’ children are legally permitted to live anywhere other than the United States. To the contrary, the Property Appraiser introduced evidence establishing that each of the Taxpayers’ three children was a citizen of the United States and was residing on the Taxpayers’ property, and at the hearing on the Property Appraiser’s motion for summary judgment, counsel for the Property Appraiser informed the circuit court that “this has nothing to do with whether the children are allowed to reside in the United States or reside in the residence they want.”
In response to the Property Appraiser’s motion for summary judgment, the Taxpayers submitted a sworn affidavit that affirmatively avers that the Taxpayers’ residential property is, in fact, being used as the permanent residence of the three minor children, and that the children have a legal right to live in Florida, the United States, and on the property, permanently. *350 Further, the Taxpayers’ affidavit established that it was the Taxpayers’ intent as parents that their children remain permanently in the United States, a place where the children had the right to live. In the circuit court proceeding, the Property Appraiser raised no objection and made no challenge to the Taxpayers’ affidavit or the averments of facts contained therein. Based on the arguments made by the Property Appraiser in the circuit court, the Taxpayers filed a cross motion for summary judgment on the basis that the uncontroverted facts established that the Florida property was being used as the permanent residence of their minor children who were legally and naturally dependent on the Taxpayers and had the legal right to live on the property permanently consistent with their parents’ intent.
In accordance with the respective positions taken by the parties, the circuit court entered an order granting the Taxpayers an ad valorem tax exemption for the 2006 tax year on the bases that there was no dispute in the facts and that the Taxpayers, by maintaining the permanent residence of their legally dependent children on the property, established entitlement to the exemption under the plain language of article VII, section 6(a), of the Florida Constitution. The Property Appraiser then appealed the circuit court’s order granting the tax exemption to the Third District Court of Appeal. This appeal was the foundation of the Third District’s opinion in Andonie.
In Andonie, the Third District affirmed the circuit court’s order granting the Taxpayers’ motion for summary judgment. In its opinion, the Third District referred to the definition of “permanent residence” contained in section 196.012(18) and concluded that the Taxpayers’ affidavit, which established that the true and actual permanent residence of the minor children was on the Florida property, went uncontested and sufficiently established that the Taxpayers’ property was used as the children’s permanent residence. The Third District also concluded in Andonie that the “and who resides thereon” criterion contained in section 196.031(1) is unenforceable; based on this ruling, the Property Appraiser appealed the Third District’s decision to this Court under the authority of article V, section 3(b)(1), of the Florida Constitution.
In this Court, the Property Appraiser argues that the evidence introduced by the Taxpayers in the circuit court is “self-serving” and insufficient to establish that the Taxpayers’ Florida property is in fact being used as the minor children’s permanent residence. The Property Appraiser’s arguments regarding the sufficiency of the evidence are unavailing for several reasons.
The Property Appraiser’s Factual Arguments
In the circuit court action that gave rise to this appeal, the Property Appraiser failed to raise any arguments regarding the sufficiency of the evidence introduced by the Taxpayers. Nor did the Property Appraiser seek to refute or contest the uncontradicted evidence submitted by the Taxpayers. To the contrary, the Property Appraiser assured the circuit court that there was no material dispute in the facts and that its argument had “nothing to do with” whether the children could legally live on the property permanently. Accordingly, the Property Appraiser’s arguments raised in this appeal regarding the sufficiency of the evidence submitted by the Taxpayers were not properly preserved and are, thus, waived. See Aills v. Boemi, 29 So.3d 1105, 1108-09 (Fla.2010) (explaining that preservation of error for appellate review requires aggrieved party to make timely, contemporaneous objec *351 tion, and the specific legal argument raised on appeal must be presented below).
Further, the circuit court proceeding that gave rise to this appeal was initiated by the Property Appraiser when it challenged a decision of the Value Adjustment Board that granted the constitutional tax exemption to the Taxpayers. Under the plain language of section 194.036(3), the Property Appraiser — not the Taxpayers — bore the burden of proof in the circuit court proceedings below. See § 194.036(3), Fla. Stat. (2006) (providing that appeal of decision of a value adjustment board is de novo and the “burden of proof shall be upon the party initiating the action”). Accordingly, the Property Appraiser’s arguments in this appeal regarding the sufficiency of the evidence — in addition to being unpreserved and thereby unavailing — represent an improper attempt by the Property Appraiser to shift the burden of proof in these proceedings onto the Taxpayers.
Finally, the Property Appraiser failed to introduce any evidence rebutting or challenging the uncontroverted evidence introduced by the Taxpayers which established that the minor children are residing on the property, have the legal right to reside on the property permanently with no legal impediment to doing so, and that it is the Taxpayers’ intent and desire as parents that the children continue to live on the property permanently. Accordingly, we find no merit in the Property Appraiser’s arguments regarding the sufficiency of the evidence in this case.[15]
It is telling that the Property Appraiser, although raising a number of arguments in various forums over the past six years, including an assertion made in this Court that the evidence introduced by the Taxpayers is “self-serving,” has failed to aver or prove to any extent that the Taxpayers’ children are not living on the property with the legal right to do so permanently in accordance with their parents’ intent. Nor has the Property Appraiser averred or proven that Taxpayers have acted fraudulently or in bad faith in presenting their application or the evidence supporting same. Based on the foregoing, we find no merit in the Property Appraiser’s argument that the evidence of record was insufficient to demonstrate that the Taxpayers, as of January 1, 2006, maintained on their Florida property the permanent residence of their minor children.
Conclusion
The plain language of article VII, section 6(a), permits every owner of Florida real property to apply for and receive ad valorem tax relief where it is sufficiently demonstrated that the owner has maintained on that property the permanent residence of another legally or naturally dependent on the owner. We therefore affirm the decision of the Third District in Andonie that holds as much. We conclude that here the Property Appraiser failed to sufficiently preserve for appellate review *352 any argument regarding the sufficiency of the evidence introduced in the circuit court below, and the record here sufficiently demonstrates that the Taxpayers maintained on their Florida property the permanent residence of their minor children, each of whom is legally and naturally dependent on the Taxpayers. We emphasize that the result we reach in this case is dependent on the fact that it was demonstrated that the property is being used as the permanent residence of the owners’ dependent, minor children, and the evidence establishes that the minor children for whom the permanent residence was maintained have no impediment, legal or otherwise, to residing permanently on the property in accordance with their parents’ intent. We therefore affirm the decision of the Third District in Andonie to the extent it is consistent with our holding here today.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

. In this Court, the case is styled “Garcia v. Andonie " to reflect a change in the property appraiser for Miami-Dade County.

. In its briefs, the Property Appraiser raises both factual and legal arguments regarding whether the Taxpayers are entitled to the tax exemption, a right that was granted to the Taxpayers by three separate tribunals below: the Miami-Dade Value Adjustment Board, the circuit court, and the Third District Court of Appeal. Nevertheless, the Property Appraiser’s briefs intersperse the factual and legal arguments in such a manner that it is necessary for us to clearly delineate those aspects of this case that are determined as a matter of law and those that present issues of fact.

. The exemption at issue here results in a $25,000 reduction in the assessed taxable value of the Taxpayers’ residential property in Key Biscayne, Florida.

. In this case, the parties agree that the Taxpayers timely filed the appropriate application for the ad valorem tax exemption at issue. Thus, this opinion does not touch upon the procedural rights and responsibilities relating to the application process.

. Article X, section 7, Florida Constitution (as amended in 1938), stated in pertinent part as follows:
Every person who has the legal title or beneficial title in equity to real property in this State and who resides thereon and in good faith makes the same his or her permanent home, or the permanent home of another or others legally or naturally dependent upon said person, shall be entitled to an exemption ....
Id. (emphasis added). When article X, section 7 of the Florida Constitution was originally adopted in 1934, the class of individuals eligible for the homestead tax exemption was even more narrow, and available to only "every head of a family who is a citizen of and resides in the State of Florida.” Fla. HJR 20 (1933) (proposed Fla. Const. art. X, § 7). See also Smith v. Voight, 158 Fla. 366, 28 So.2d 426, 426 (1946). This language was removed by constitutional revision approved by the voters in a general election in 1938, effective for the tax year of 1939. SJR 21 (1937) (proposed Fla. Const. art. X, § 7). See also Smith, 28 So.2d at 427. Because of the elimination of the citizenship requirement, this Court has held that citizenship is no longer a requirement to establish the right to the ad valorem tax exemption, and the right is available to aliens and other non-citizens who otherwise meet the criteria set forth in the constitution. See Smith, 28 *344 So.2d at 426 (concluding that constitutional amendment that eliminated citizen requirement rendered ad valorem tax exemption available to non-citizen).

. We acknowledge that the Florida Constitution limits the number of exemptions that can be obtained by an individual or a family unit. See Art. VII, § 6(b), Fla. Const. ("Not more than one exemption shall be allowed any individual or family unit or with respect to any residential unit.”). The legal issues we discuss in this opinion, however, do not touch upon this limitation.

. We also note that the extra-constitutional "and who resides thereon” requirement imposed by section 196.031(1) is seemingly at odds with section 196.031(6), Florida Statutes. The text of section 196.031(6) acknowledges that a permanent resident of a state other than Florida can receive a homestead tax exemption in both Florida and the property owner's home state, where the non-resident property owner maintains the permanent residence of dependents on Florida property. See § 196.031(6), Florida Statutes (2006).

. Because the issue of whether a piece of property is being used as the true permanent residence of either the property owner or his dependents is generally an issue of fact to be determined on a totality of circumstances, see section 196.015, Florida Statutes (2006), we do not hold that the properly owner's place of residence is irrelevant to factual determinations that might turn on such considerations. The case before us, however, does not turn on factual considerations.

.In Andonie, the Third District provided a detailed history regarding the Florida constitutional homestead tax exemption and its implementing statutes, and commented that the “and who resides thereon” language in section 196.031(1) was likely a vestige of prior implementing statutes that was inadvertently not removed by the statutory draftsmen, "as clearly should have occurred.” 51 So.3d at 523-24. Nevertheless, because the Legislature is without the authority to substantively limit the class of taxpayers eligible for the constitutional ad valorem tax exemption, we *346 conclude that it matters not whether the Legislature's inclusion of the "and who resides thereon" language was inadvertent or otherwise.

. See § 213.05, Fla. Stat. (2005).

. In Andonie, the Third District concluded that Florida Administrative Code Rule 12D-7.014(2) is unenforceable because the rule is based on the authority of Beekman v. Beekman, 53 Fla. 858, 43 So. 923 (1907), a matrimonial case that the Third District concluded was not applicable to the "interpretive issue” in this case. See Andonie, 51 So.3d at 522. Beekman stands for the general proposition that under Florida common law an uneman-cipated minor cannot make his own choice of domicile. 43 So. at 924. Here, however, we are not presented with a circumstance where a minor child is attempting to establish a home away from that of his parents. Rather, in this case it is the adult parents who have made a choice as to where their children will live. Further, unlike the facts presented in Beekman, here, the Taxpayers as parents have actually maintained the permanent residence of their minor children in Florida, and the Property Appraiser concedes that the parents have the legal right to insist that their children remain permanently on the Florida property. Moreover, regardless of the applicability of Beekman to issues of domiciliary law, the issue here is not one of domicile, but rather, one involving the meaning of "permanent residence” as used in article VII, section 6(a), and section 196.012(18), Florida Statutes (2006). Accordingly, we agree with the Third District and the Department of Revenue that neither Florida Administrative Code Ann. r. 12D-7.014(2) (1976) nor this Court’s decision in Beekman upon which the rule is based, are controlling authority relative to the issue of constitutional interpretation before us.

. The Property Appraiser argues that the last sentence of section 196.012(18) prohibits the Florida property here at issue from serving as the permanent residence of the Taxpayers' minor children. This sentence states:
A person may have only one permanent residence at a time; and, once a permanent residence is established in a foreign state or country, it is presumed to continue until the person shows that a change has occurred.
§ 196.012(18), Fla. Stat. (2006). The Property Appraiser’s argument on this point overlooks that the term "permanent residence” in the last sentence of section 196.012(18) is not self-defining or synonymous with the concept of domicile, but rather follows the specific statutory definition whereby the phrase is limited to the "true” residential dwelling place where the individual in fact lives. Here, no evidence was presented that the minor children, each of whom is a citizen of Florida and the United States, have ever lived in Honduras or that they had ever established a “permanent residence” there, or that they have the right to live there.

. The E-2 non-immigrant classification allows a foreign national to enter the United States when investing a substantial amount of capital in a bona fide U.S. business. See 8 CFR § 214.2(e). The E-2 visa is a temporary visa issued for an initial period of two years. See 8 CFR § 214.2(e)(19)(i). Nevertheless, upon proper application, there is no limit to the number of times that the visa can be extended. See 8 CFR§ 214.2(e)(20)(i).

. The case before us concerns the Taxpayers' application for the ad valorem tax exemption for the 2006 tax year only. Thus, the biographical information presented in this opinion relative to the Taxpayers and their minor children is as it existed at the time of the Taxpayers' application for the tax exemption at issue.

. The Property Appraiser argues that, at some point in the future, an issue might arise regarding how the Taxpayers will carry out their intent to continuously maintain their children's permanent residence on the Florida property. The Property Appraiser’s forward-looking factual arguments, like all of the factual arguments presented by the Property Appraiser in this appeal, were not preserved, and thus are not properly before this Court. Moreover, every individual residing on Florida property might at some point in the future encounter an obstacle to remaining on that property — including those individuals who simply decide to move or sell their property. For this reason, under Florida law, entitlement to the ad valorem tax exemption is based on an annual assessment and subject to re-examination based on any change in the factual circumstances. See §§ 192.042, 193.155, 196.011, 196.031, Fla. Stat. (2006).