458 So.2d 409 (1984)
AMERICAN CAST IRON PIPE COMPANY, Appellant,
v.
FOOTE BROTHERS CORPORATION, a Florida Corporation, M & C Venture, Sonny Lloyd, Inc., Sonny Lloyd, Individually, Jeffrey Collins, Inc., Jeffrey Collins, Individually, Biscayne Federal Savings & Loan Association, Aetna Casualty and Surety Company, and American Centennial Insurance Company, Appellees.
No. 83-2491.
District Court of Appeal of Florida, Fourth District.
November 7, 1984.
Dennis G. King of Dennis G. King, P.A., Miami, for appellant.
Eve N. Wagner of Cooper, Shahady, Frazier & Pugatch, Fort Lauderdale, for appellees.
DELL, Judge.
Appellant, the prevailing party in a mechanic's lien foreclosure action, challenges the amount awarded as attorney's fees pursuant to Section 627.756, Florida Statutes (1981).
On September 17, 1982, appellant filed a mechanic's lien foreclosure action against certain defendants who are not parties to this appeal. On October 18, 1982, appellant amended his complaint to name appellee, American Centennial Insurance Company, the surety on a payment bond, as an additional party defendant. The trial court entered summary judgment on the payment bond in favor of appellant and awarded appellant attorney's fees limited to twelve and one-half percent (12 1/2%) of the judgment pursuant to Section 627.756, Florida Statutes (1981).[1]
*410 Chapter 82-243, Florida Laws eliminated the 12 1/2% limitation on attorney's fees effective October 1, 1982.[2] Appellant contends that the statute repealing the 12 1/2% limit on attorney's fees is remedial and may be enforced retroactively.
Judge Pearson set forth a succinct statement of the law governing retroactive application of statutes in Senfeld v. Bank of Nova Scotia Trust Co., 450 So.2d 1157, 1164-65 (Fla. 3d DCA 1984):
While it is true that in the absence of an express legislative declaration that a statute have retroactive effect, the statute will be deemed to operate prospectively only, Fleeman v. Case, 342 So.2d 815 (Fla. 1976); Thayer v. State, 335 So.2d 815 (Fla. 1976); Larson v. Independent Life & Accident Insurance Co., 158 Fla. 623, 29 So.2d 448 (1947), and that even a clear expression of retroactivity will be ignored if the statute impairs vested rights, creates new obligations, or imposes new penalties, Village of El Portal v. City of Miami Shores, 362 So.2d 275 (Fla. 1978); Fleeman v. Case, 342 So.2d 815; accord, State v. Lavazzoli, 434 So.2d 321 (Fla. 1983), neither of these rules of statutory construction applies where the statute is solely remedial or procedural, Walker & LaBerge, Inc. v. Halligan, 344 So.2d 239 (Fla. 1977); City of Lakeland v. Catinella, 129 So.2d 133 (Fla. 1961); McCord v. Smith, 43 So.2d 704 (Fla. 1949); Department of Transportation v. Cone Brothers Contracting Co., 364 So.2d 482, 486 (Fla. 2d DCA 1978), reversed, 384 So.2d 154 (Fla. 1980) ("A curative or remedial statute is necessarily retrospective in character."); Grammer v. Roman, 174 So.2d 443, 446 (Fla. 2d DCA 1965) ("Remedial statutes are exceptions to the rule that statutes do not come within the legal conception of a retrospective law, or the general rule against the retrospective operation of statutes"). Cf. Village of El Portal v. City of Miami Shores, 362 So.2d 275 (remedial statute with specific retroactivity provision). [Footnote omitted.]
Remedial statutes include statutes which confer a remedy, "and the remedy is the means employed in enforcing a right or in redressing an injury," Grammer v. Roman, supra, at 446; those which do not create new or take away vested rights, but only operate in furtherance of the remedy or confirmation of rights already existing, City of Lakeland v. Catinella, supra; those which do not affect vested rights or create new obligations, Love v. Jacobson, 390 So.2d 782 (Fla. 3d DCA 1980); and those which affect only the measure of damages for vindication of a substantive right, Walker & LaBerge, Inc. v. Halligan, supra.
Appellee relies on Tuggle v. Government Employees Insurance Co., 220 So.2d 355 (Fla. 1969), to support its argument that the date appellant filed its initial complaint determines which version of the statute applies. The amendment considered in Tuggle, however, was not a remedial measure affecting only the measure of damages. It granted parties the right to collect attorney *411 fees when they prevailed in appellate proceedings. The grant of this right, which did not exist prior to amendment, accomplished a change in the substantive law which could not apply retroactively. Appellant, however, previously had the substantive right to recover attorney fees, Section 627.756, Florida Statutes (1981). The repealer act affected only the amount of money appellant could collect pursuant to that right.
Therefore we hold that the amendment to Section 627.756 is a remedial statute which may be applied retroactively and that the trial court erred when it limited appellant's attorney's fees to 12 1/2% of the judgment or decree awarded under the bond. Accordingly, we reverse and remand this cause with directions to the trial court to determine and award appellant attorney's fees as provided in Section 627.756 as amended effective October 1, 1982, Florida Statutes (Supp. 1982).
REVERSED and REMANDED.
LETTS and GLICKSTEIN, JJ., concur.
NOTES
[1] Bonds for construction contracts; attorney fees in case of suit.  Section 627.428 (attorney fee) shall also apply as to suits brought by owners, subcontractors, laborers and material men against a surety insurer under payment or performance bonds written by the insurer under the laws of Florida to indemnify such owners, subcontractors, laborers and material men against pecuniary loss by breach of a building or construction contract; except, that the amount to be so recovered for fees or compensation of such a plaintiff's attorney shall not be more than 12.5 percent of the amount which the judgment or decree awards such plaintiff under the bond (exclusive of the costs of suit and attorney fees or compensation), nor shall it be less than $100 where the judgment or decree is for more than $500 nor less than $50 where the judgment or decree is $500 or less. Such owners, subcontractors, laborers and material men shall be deemed to be "insureds" or "beneficiaries" for the purposes of this section.
[2] Bonds for construction contracts; attorney fees in case of suit.  Section 627.428 applies to suits brought by owners, subcontractors, laborers, and materialmen against a surety insurer under payment or performance bonds written by the insurer under the laws of this state to indemnify against pecuniary loss by breach of a building or construction contract. Owners, subcontractors, laborers, and materialmen shall be deemed to be insureds or beneficiaries for the purposes of this section.
§ 627.756, Fla. Stat. (Supp. 1982).