STONE, J.
We affirm the trial court order denying Taylor the right to amend her complaint to assert, for the first time, claims concerning her 2005 tax assessment.
As part of a multi-count complaint against various government entities and employees, Taylor contested the tax assessed on her property. The Value Adjustment Board denied Taylor relief for 2005 taxes in a decision dated January 17, 2006. On March 16, 2006, Taylor filed a motion to amend her third amended complaint, apparently intending to add this claim to her other unrelated counts. The second line of the motion stated that the “4th amended complaint is attached”; however, a proposed amended pleading was not attached to the motion. Instead, the next day, Taylor filed a motion for a twenty-day extension of time to file the fourth amended complaint, alleging that she had been too ill to complete it. The property appraiser opposed both motions on the grounds that the fourth amended complaint was not attached to the motion to amend and that the sixty-day filing period specified in section 194.171, Florida Statutes, had expired and could not be enlarged, as it is a jurisdictional statute of non-claim.
First, Florida Rule of Civil Procedure 1.190(a) states that “the party shall attach the proposed amended pleading to the motion.” This is a mandatory requirement. Second, subsection (2) of 194.171, Florida Statutes, provides that “[n]o action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection ... or after 60 days from the date a [value adjustment board] decision is rendered.” Subsection (6) further states that the requirements of subsection (2) are jurisdictional. The Florida Supreme Court has recognized the interplay of statutory sub-sections involved here as a jurisdictional statute of non-claim. Markham v. Neptune Hollywood Beach Club, 527 So.2d 814, 816 (Fla.1988); see also Cason v. Dep’t of Mgmt. Servs., 944 So.2d 306, 310 (Fla.2006). A jurisdictional statute of non-claim operates “to bar untimely claims without any action by the opponent and deprive[s] the court of the power to adjudicate them.” Comerica Bank & Trust v. SDI Operating Partners, L.P., 673 So.2d 163, 166 (Fla. 4th DCA 1996). Put another way, “[a]n untimely claim filed pursuant to a jurisdictional statute of nonclaim is automatically barred.” May v. Ill. Nat'l Ins., 771 So.2d 1143, 1151 (Fla.2000) (citing Miller v. Nolte, 453 So.2d 397 (Fla.1984)).
Here, the sixty-day period expired on March 20, 2006. The amended pleading was not filed by that date. We conclude that simply filing the motion for leave to file, without attaching a copy of the fourth amended complaint which was not yet prepared, was insufficient to meet the non-claim provisions of the statute. Therefore, the circuit court lacked jurisdiction to consider this claim.
With regard to Taylor’s additional claim for sanctions, no authority exists for an appellate court to impose sanctions for conduct occurring in the trial court. Boca Burger, Inc. v. Forum, 912 So.2d 561, 569 (Fla.2005).
Therefore, the order is affirmed.
POLEN and GROSS, JJ., concur.