DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GARY R. NIKOLITS,** as Property Appraiser for Palm Beach
County, Florida,
Petitioner,

v.

**SARAH B. NEFF,** a/k/a **SUSAN B. NEFF,** a/k/a **SALLY B. NEFF,**
Respondent.

No. 4D15-2423

[December 9, 2015]

Petition for writ of prohibition to the the Fifteenth Judicial Circuit, Palm Beach County; Catherine M. Brunson, Judge; L.T. Case No. 50-2013CA016015XXXXMB.

Jeffrey M. Clyman, West Palm Beach, for petitioner.

Jack J. Aiello of Gunster, Yoakley & Stewart, P.A., West Palm Beach, for respondent.

Pamela Jo Bondi, Attorney General, and Carrol Y. Cherry Eaton, Assistant Attorney General, Revenue Litigation Bureau, Tallahassee, for Amicus Curiae, State of Florida Department of Revenue.

GROSS, J.

Gary R. Nikolits, as Property Appraiser of Palm Beach County, Florida, petitions for a writ of prohibition to prevent the trial court from further hearing respondent Sarah B. Neff's declaratory judgment action. We agree with the Property Appraiser that the circuit court lacks jurisdiction to grant the relief requested because Neff's action is, at its heart, an untimely challenge to the 2012 assessment of her former homestead. Section 194.171(2), Florida Statutes (2012), is a jurisdictional statute of non-claim that precludes any challenge or adjustment to the 2012 assessment at this time. Accordingly, we grant the petition and direct that Neff's action be dismissed.[1]

_____

[1]The Property Appraiser, and the Department of Revenue – which has filed an *amicus curiae* brief in support of the petition, also argue that Neff lacks standing

### *The Save Our Homes (SOH) Amendment and Portability*

This case involves the portability of a benefit under the Save Our Homes (SOH) Amendment. Passed by the voters in 1992, the SOH Amendment caps annual increases in the assessed value of a homestead to three percent of the assessment for the prior year or the percent change in the Consumer Price Index, whichever is lower. *See* Art. VII, § 4(d)(1), Fla. Const.

In 2008, voters approved a separate constitutional amendment that permits a homeowner to transfer the benefit accrued under the SOH Amendment to a new homestead established within two years of abandonment of the prior homestead. *See* Art. VII, § 4(d)(8), Fla. Const. The 2008 portability amendment allows a homeowner to transfer some or all of an SOH benefit to reduce the assessed value of a qualifying new homestead. The SOH benefit is the difference between the market value (known as just value) and assessed value (as capped by the SOH amendment) of the former homestead as of January 1 of the year the former homestead is abandoned. § 193.155(8), Fla. Stat. (2012).[2] The amount of the SOH benefit that can be transferred depends on the value of the new homestead, but the benefit is capped at a maximum of $500,000. *See id.* Importantly for this case, if the just value and assessed value of the former homestead were the same when it was abandoned, there is no SOH benefit that can be transferred.

In sum, the SOH benefit thus depends on the difference between the just value and the assessed value in the year that the homeowner abandons the former homestead. For calculating the portability benefit,

---

to challenge the 2012 assessment. *See* § 194.181(1)(a), Fla. Stat. (2012). Neff is seeking to raise the just value on a property she no longer owns. We decline to reach this issue as it is not necessary to do so, and lack of standing is not a basis for granting a writ of prohibition. *Godfrey v. Reliance Wholesale, Inc.*, 68 So. 3d 930, 931 (Fla. 3d DCA 2011).

[2]For example, if the former homestead had a $400,000 just value, but an assessed value of only $300,000 due to the SOH cap, then the homeowner could transfer the $100,000 SOH benefit to a new homestead established within two years. If the new homestead had a $500,000 just value, the assessed value would therefore be reduced by $100,000 to $400,000.

the amendment uses the former homestead's just value as of January 1 of the year in which the homestead is abandoned.[3]

## *Factual and Procedural Background*

Neff owned a home (the "former homestead") in Lost Tree Village in North Palm Beach. On January 24, 2012, she sold her former homestead for $5.1 million. For 2012, however, the just value and assessed value of the former homestead were the same–$2,325,295.

In 2013, Neff applied for and obtained a homestead exemption for her new home. She then filed a Transfer of Homestead Assessment Difference application, seeking to transfer an SOH benefit to the new homestead. The Property Appraiser advised Neff by letter that, although the application was approved, there was zero portability value because the just value and assessed value of the former homestead were the same in 2012.

Upon receiving Notice of Proposed Property Taxes for her new homestead for 2013, she filed a declaratory judgment action in circuit court, which sought review of the Property Appraiser's determination that she had no SOH benefit to transfer. She explained that she sold her former homestead in 2012 for $5.1 million, but for the 2012 tax year, the Property Appraiser assessed a just value of only $2,325,295. She claimed that she did not receive a tax notice for her former homestead for 2012 and sought a declaration that she was entitled to the maximum $500,000 portability benefit toward the assessed value of her new homestead. With the benefit of hindsight, Neff was taking a unique position for a taxpayer–that her 2012 just value was too low.

---

[3]The amendment provides:

> If the just value of the new homestead is greater than or equal to the just value of the prior homestead as of January 1 of the year in which the prior homestead was abandoned, the assessed value of the new homestead shall be the just value of the new homestead minus an amount equal to the lesser of $500,000 or the difference between the just value and the assessed value of the prior homestead **as of January 1 of the year in which the prior homestead was abandoned**. Thereafter, the homestead shall be assessed as provided in this subsection.

Art. VII, § 4(d)(8)a.1, Fla. Const. (emphasis supplied); *see also* § 193.155(8)(a), Fla. Stat. (2012).

- 3 -

The Property Appraiser moved to dismiss Neff's action arguing, in relevant part, that any challenge to the 2012 just value assessment of the former homestead was time barred by section 194.171(2), Florida Statutes (2012). The trial court denied the motion. After some discovery, the Property Appraiser moved for summary judgment arguing, among other things, that Neff's action was time barred by section 194.171(2), and that Neff lacked standing to challenge the 2012 assessment of her former property. The trial court denied summary judgment, and this petition followed.

## *Analysis*

A writ of prohibition "may issue where a trial court exceeds its jurisdiction by failing to dismiss a cause of action contesting a tax assessment where the jurisdiction requirements of section 194.171 are not met." *Markham v. Moriarty*, 575 So. 2d 1307, 1308 (Fla. 4th DCA 1991).

The time for challenging a tax assessment is strictly proscribed by statute:

> (2) No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s. 193.122(2), or after 60 days from the date a decision is rendered concerning such assessment by the value adjustment board if a petition contesting the assessment had not received final action by the value adjustment board prior to extension of the roll under s. 197.323.

§ 194.171(2), Fla. Stat. (2012). Neff did not file an administrative challenge to the 2012 assessment with the value adjustment board. The 2012 assessment was certified for collection on October 10, 2012. The 60-day time for filing a circuit court action challenging an assessment, therefore, expired on or about December 10, 2012. Neff filed her declaratory judgment complaint on October 24, 2013. While this action was timely-filed within 60 days of the 2013 assessment of her new homestead, it was filed well outside the time for challenging the 2012 assessment.

Section 194.171(2) is a jurisdictional statute of non-claim. *See* § 194.171(6), Fla. Stat. (2012) ("The requirements of subsections (2), (3), and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met.").

- 4 -

The Florida Supreme Court has strictly construed this jurisdictional statute. *See Ward v. Brown*, 894 So. 2d 811, 814 (Fla. 2004) (explaining that this statute has been strictly construed and "compliance with its provisions is mandatory regardless of the nature of the taxpayer's claim"); *Markham v. Neptune Hollywood Beach Club*, 527 So. 2d 814, 815 (Fla. 1988) (recognizing that this jurisdictional statute of non-claim bars untimely challenges); *see also Taylor v. City of Lake Worth*, 964 So. 2d 243, 244 (Fla. 4th DCA 2007).

In addition, the statute providing for the transfer of an SOH benefit expressly prohibits any retroactive adjustment of a prior assessment. § 193.155(8)(i)8., Fla. Stat. (2012) ("This subsection does not authorize the consideration or adjustment of the just, assessed, or taxable value of the previous homestead property.").

Under the circumstances of this case, Neff's challenge is actually to the 2012 assessment. The strict jurisdictional time limit of section 194.171(2) cannot be circumvented by embedding a challenge to a prior year's assessment in the form of a challenge to the current year's assessment. Neff's action relies on the $5.1 million actual sale price of the former homestead in 2012 to suggest that the $2,325,295 just value assessed in 2012 was an undervaluation. As noted by the Property Appraiser, Neff benefited from the lower valuation, as it resulted in lower taxes during the time Neff owned the property.[4] Neff's action seeks to create an SOH benefit after the fact where none existed at the time the former homestead was abandoned. This is contrary to the purpose of the amendment allowing portability of an SOH benefit and contrary to the strong public policy reflected in section 194.171(2) requiring finality in tax assessments.

Although the circuit court generally has jurisdiction to consider a declaratory judgment action under section 86.011, Florida Statutes, the action in this case would necessarily involve an untimely and barred challenge or adjustment to the 2012 assessment of the former homestead. Accordingly, we conclude that the circuit court lacks jurisdiction as a matter of law to grant the relief requested in Neff's action. We grant the petition for writ of prohibition and direct that Neff's action be dismissed for lack of jurisdiction.

---

[4]According to the Property Appraiser, in 2011, the just and assessed value of the former homestead was $2,432,022. The assessed value was reduced further in 2012 when the just value dropped because the assessed value of a property can never exceed the just value. Art. VII, § 4(d)(2), Fla, Const. Thus, there was no SOH benefit accrued when the former homestead was sold.

CIKLIN, C.J., and MAY, J., concur.

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*