# Third District Court of Appeal

## State of Florida

Opinion filed October 4, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0949
Lower Tribunal No. 20-15081
_____


**Robert Frehling, et al.,**
Appellants,

vs.

**Pedro J. Garcia, etc., et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Daniel A. Weiss, P.A., and Daniel A. Weiss, for appellants.

Geraldine Bonzon-Keenan, Miami-Dade County Attorney, and Ileana Cruz, Assistant County Attorney, for appellee Pedro Garcia.


Before LINDSEY, MILLER, and BOKOR, JJ.

LINDSEY, J.

Appellants Robert and Nancy Frehling appeal from a Final Judgment in favor of Appellee Pedro J. Garcia, the Property Appraiser for Miami-Dade County. The Final Judgment reinstates the Property Appraiser's denial of the Frehlings' 2019 application to transfer a property tax assessment benefit known as the "Save Our Homes" assessment cap. Because we agree with the trial court that the Frehlings' application to transfer was untimely, we affirm.

## I.  BACKGROUND

This case involves Florida's Save Our Homes ("SOH") assessment cap, which derives from a constitutional amendment passed by voters in 1992 to cap annual increases in the assessed value of a homestead.[1] See Nikolits v. Neff, 184 So. 3d 538, 539 (Fla. 4th DCA 2015) (citing Art. VII, § 4(d)(1), Fla. Const.). "In 2008, voters approved a separate constitutional amendment that permits a homeowner to transfer the benefit accrued under the SOH Amendment to a new homestead established within two years of

---

[1] As our Supreme Court recently explained, the SOH assessment cap and the homestead tax exemption, both of which are found in Florida's Constitution, are intertwined because the assessment cap "applies only to property that is entitled to a homestead tax exemption." Furst v. Rebholz, 361 So. 3d 293, 295 (Fla. 2023) (citing Art. VII, § 4(d), Fla. Const.; Zingale v. Powell, 885 So. 2d 277, 284-85 (Fla. 2004)).

abandonment of the prior homestead." Id. (citing Art. VII, § 4(d)(8), Fla. Const.).[2]

The Frehlings owned a home in Miami-Dade County (the "Old Home") that received a homestead exemption and an SOH benefit beginning in 2014. The Frehlings sold their Old Home in September 2016 and moved into a New Home in January 2017. It is undisputed that the Frehlings did not submit a homestead exemption application or an SOH transfer application for the New Home in 2017 or 2018.

Under the constitutional amendment in effect at the time, a homeowner could transfer an accrued SOH benefit to a new homestead established *within two years* of abandoning a prior homestead:

> A person who establishes a new homestead as of January 1, 2009, or January 1 of any subsequent year and who has received a homestead exemption pursuant to Section 6 of this Article as of January 1 *of either of the two years immediately preceding the establishment of the new homestead* is entitled to have the new homestead assessed at less than just value.

---

[2] The ability to transfer an accrued SOH benefit is also known as portability.

Art. VII, § 4(d)(8), Fla. Const. (emphasis added); see also § 193.155(8), Fla. Stat. (2019);[3] Baldwin v. Henriquez, 279 So. 3d 328, 332 (Fla. 2d DCA 2019) ("A homeowner may transfer the benefit accrued under the Save Our Homes constitutional amendment (also referred to as the homestead assessment difference) to a new homestead established within two years of abandonment of the prior homestead." (citing Nikolits, 184 So. 3d at 539)).

The Frehlings did not transfer their accrued SOH benefit within the two-year period, nor did they establish a new homestead within that period. Instead, they waited until September 2019—three years after selling their Old Home—to submit a homestead exemption application and an application to transfer the accrued SOH benefit. The Property Appraiser ultimately granted the Frehlings' homestead exception application, thereby establishing a new homestead in 2019. However, because the Frehlings did not establish a new homestead within two years of selling the Old Home (in either 2017 or 2018), the Property Appraiser denied the Frehlings' application to transfer their accrued SOH benefit.

---

[3] Consistent with the constitutional provision, the implementing statute in effect at the time provided, in pertinent part, as follows: "Property assessed under this section shall be assessed at less than just value when the person who establishes a new homestead has received a homestead exemption as of January 1 of either of the 2 immediately preceding years." § 193.155(8), Fla. Stat. (2019).

4

The Frehlings challenged the denial of their 2019 SOH transfer application with the Value Adjustment Board (the "VAB"). The VAB overturned the Property Appraiser's denial and granted the Frehlings' transfer application. In July 2020, the Property Appraiser commenced the underlying action seeking to reinstate the denial based on the Frehlings' failure to timely transfer their SOH benefit.

In August 2020, the Frehlings filed their answer and affirmative defenses. As an affirmative defense, the Frehlings relied on a proposed constitutional amendment in the upcoming November 2020 election that would extend the SOH transfer period from two to three years. The Frehlings argued this proposed amendment, if passed, should control because "the law which controls is that prevailing at time of appeal—not at time pleadings are filed in trial court."

In November 2020, voters approved the amendment, and the transfer period changed from two years to three years. See Art. VII, § 4(d)(8)(a), Fla. Const. ("A person who establishes a new homestead as of January 1 and who has received a homestead exemption pursuant to Section 6 of this Article as of January 1 of any of the three years immediately preceding the establishment of the new homestead is entitled to have the new homestead assessed at less than just value."). Voters also approved an accompanying

5

scheduling provision, which makes the extended three-year transfer period effective January 1, 2021. See Art. XII, § 40, Fla. Const. ("This section and the amendment to Section 4 of Article VII, which extends to three years the time period during which the accrued benefit from specified limitations on homestead property tax assessments may be transferred from a prior homestead to a new homestead, shall take effect January 1, 2021.").

After several months of discovery, the Property Appraiser moved for final summary judgment arguing that based on the undisputed facts, the Frehlings were not entitled to transfer their SOH benefit because they filed their 2019 SOH transfer application after the applicable constitutional and statutory two-year transfer period had ended. The Frehlings filed a response and a motion for judgment on the pleadings, in which they argued that they were entitled to judgment as a matter of law because the new constitutional amendment approved by Florida voters in November 2020 that extended the transfer period from two to three years retroactively applied to their 2019 SOH transfer application.

Following a hearing, the trial court granted final summary judgment in favor of the Property Appraiser. The court concluded that the "Property Appraiser correctly denied the Portability Benefit to the Frehlings for 2019 based on the two-year lookback restriction established in the Florida

6

Constitution and its implementing statute." The court further concluded that the 2020 constitutional amendment that increased the lookback period from two to three years did not retroactively apply to the Frehlings' 2019 application. Specifically, the trial court relied on the plain language of the constitutional scheduling provision, which states that the 2020 amendment "shall take effect January 1, 2021." The court also relied on the implementing statute, which provides that the new amendment "applies beginning with the 2021 tax roll."

Following rendition of a Final Judgment in favor of the Property Appraiser, the Frehlings timely appealed.

## II. ANALYSIS

We review the trial court's order granting final summary judgment de novo. See, e.g., Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000). We also review the trial court's interpretation of the 2020 constitutional amendment de novo. See, e.g., Garcia v. Andonie, 101 So. 3d 339, 343 (Fla. 2012).

The primary issue on appeal is whether the Frehlings are entitled to a three-year, as opposed to a two-year, SOH transfer period. They are not. The Frehlings sold their Old Home in September 2016. They moved into their New Home in January 2017; however, they did not establish a new

7

homestead or seek to transfer their accrued SOH benefit in 2017 or 2018. They filed their homestead exception application and their SOH transfer application in September 2019, three years after they had abandoned their prior homestead. The law in effect in 2019 required the Frehlings to transfer their accrued SOH benefit within two years of abandoning their prior homestead. Because the Frehlings did not do this, the Property Appraiser correctly denied their SOH transfer application.

The Frehlings do not dispute these facts, nor do they dispute, on appeal, that the Property Appraiser correctly denied their 2019 SOH transfer application under the controlling law at the time. Instead, the Frehlings attempt to revive their untimely 2019 SOH transfer application by relying on a constitutional amendment passed in 2020—with an effective date of January 1, 2021—which extends the SOH transfer period from two to three years. The trial court correctly rejected the Frehlings' arguments that this amendment retroactively applies to 2019.

The Frehlings argue that the trial court erroneously relied on the constitutional amendment's implementing legislation as opposed to the unambiguous language of the constitutional amendment itself. We agree the constitutional amendment is unambiguous, but we disagree that it conflicts with the implementing legislation. Before the November 2020 elections, a

unanimous legislature passed House Bill 371 (2020), the implementing legislation for the proposed amendment to extend the SOH transfer period from two to three years (HJR 369 (2020)). It was approved by the Governor on September 18, 2020. The Act expressly "applies beginning with the 2021 tax roll." Ch. 2020-175, § 2, Laws of Fla. (codified at § 193.155, Fla. Stat.).[4]

The Frehlings do not dispute that a plain reading of the implementing legislation sets the effective date for the three-year transfer period to the beginning of the 2021 tax roll, which would preclude a three-year reachback from 2019, when the Frehlings filed their transfer application. Instead, the Frehlings point to the language of the 2020 constitutional amendment itself, which they claim conflicts with the implementing legislation.[5] It does not.

---

[4] The Act was contingent on the constitutional amendment being "approved at the general election held in November 2020." Ch. 2020-175, § 3, Laws of Fla.

[5] The Frehlings rely heavily on Andonie, a case that has nothing to do with the SOH transfer period, nor does it involve the effective date of a constitutional amendment. The issue in Andonie was whether a statute was invalid for imposing a substantive residency requirement for homestead entitlement not contained in the Florida Constitution, thereby limiting the class of property owners otherwise eligible for ad valorem tax relief. See 101 So. 3d at 341. The Florida Supreme Court invalidated the statute to the extent it conflicted with the Constitution by imposing a substantive residency requirement for entitlement not found in the Constitution. Id. at 342. Andonie is inapplicable here because there is simply no conflict between the implementing legislation and the 2020 constitutional amendment.

There are two parts to the 2020 constitutional amendment. The first part amended article VII, section 4, subsection (d)(8)(a) of the Florida Constitution by changing the two-year transfer period to three years:

> A person who establishes a new homestead as of January 1 and who has received a homestead exemption pursuant to Section 6 of this Article as of **any of the three years immediately preceding the establishment of the new homestead** is entitled to have the new homestead assessed at less than just value.

Art. VII, § 4(d)(8)(a), Fla. Const. (emphasis added).

The second part adds section 40 to article XII of the Florida Constitution. Importantly, this section clearly and unambiguously provides for an effective date of January 1, 2021:

> Transfer of the accrued benefit from specified limitations on homestead property tax assessments; increased portability period.—**This section and the amendment to Section 4 of Article VII, which extends to three years the time period during which the accrued benefit from specified limitations on homestead property tax assessments may be transferred from a prior homestead to a new homestead, shall take effect January 1, 2021.**

Art. XII, § 40, Fla. Const. (emphasis added).[6]

---

[6] The ballot language also clearly provides for a January 1, 2021 effective date:

In short, both the 2020 constitutional amendment and the implementing legislation expressly provide that the change from a two-year to a three-year transfer period takes effect at the beginning of the year (January 1) in 2021.[7] The legislation and the constitutional amendment simply do not conflict.[8] Since the Frehlings filed their transfer application in September 2019, over a year before the January 1, 2021 effective date, they are not entitled to a three-year transfer period.

We also reject the Frehlings' argument that Florida law mandates retroactive application of the 2020 constitutional amendment, especially where the amendment clearly sets forth an effective date. The Frehlings do

---

Proposing an amendment to the State Constitution, effective January 1, 2021, to increase, from 2 years to 3 years, the period of time during which accrued Save-Our-Homes benefits may be transferred from a prior homestead to a new homestead.

[7] Since the date of tax assessments for real property is January 1, an effective date "beginning with the 2021 tax roll" is not in conflict with an effective date of January 1, 2021. See § 192.042(1), Fla. Stat. (2023).

[8] Although the implementing statute and the 2020 constitutional amendment are clear and unambiguous, the canons of construction further support our conclusion. Under the constitutional-doubt canon, "[a] statute should be interpreted in a way that avoids placing its constitutionality in doubt." Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 247 (2012).

11

not cite any clear authority for the proposition that courts should interpret constitutional amendments with clear effective dates to retroactively apply.[9]

Although both parties agreed below that the issue in this case could be resolved as a matter of law based on interpretation of the 2020 constitutional amendment,[10] the Frehlings argue on appeal that entry of judgment was premature because key discovery was pending. The Frehlings also argue the trial court abused its discretion when it did not grant their motion to amend their answer and defenses. We briefly address these arguments below.

---

[9] The Frehlings cite the following cases, all of which are easily distinguishable: City of Boynton Beach v. Carroll, 272 So. 2d 171, 172 (Fla. 4th DCA 1973) (holding that the general rule in suits involving building ordinances "is that the law in effect at the time of the final decision governs, notwithstanding the fact that there has been a change in the law since the time of application"); Love v. State, 286 So. 3d 177, 188 (Fla. 2019) (holding that a statute governing pretrial Stand Your Ground immunity hearings "applies to those immunity hearings, including in pending cases, that take place on or after the statute's effective date"). The Frehlings also cite American Cast Iron Pipe Co. v. Foote Brothers Corp., 458 So. 2d 409 (Fla. 4th DCA 1984). In American Cast Iron, the Fourth District interpreted a statute eliminating a limit on attorney's fees with an express effective date to apply retroactively. 458 So. 2d at 411. However, the Frehlings did not cite L. Ross, Inc. v. R. W. Roberts Construction Co., 481 So. 2d 484 (Fla. 1986), in which the Florida Supreme Court disapproved of American Cast Iron and held that the same statute was not retroactive.

[10] In response to the Property Appraiser's Motion for Summary Judgment, the Frehlings argued they were entitled to judgment as a matter of law based on the 2020 constitutional amendment.

12

### a. Pending Discovery

In March 2021, before the summary judgment hearing, the Frehlings requested the assessment history "of each folio with respect to which Miami-Dade County Property Appraiser has granted transferability commencing in any year more than two (2) years after the most recent homestead exemption on the transferor property inuring to the benefit of the applicant(s) for transferability." The Frehlings did not specify which years they wanted. Due to confidentiality concerns, the Property Appraiser compiled reports, instead of providing the actual tax records, for the four years immediately preceding the amendment's 2021 effective date, tax years 2017-2020.

On appeal, the Frehlings argue that summary judgment was premature because discovery was pending for the 2021 tax year. Based on the record before us, we disagree. The Frehlings did not object to the absence of the 2021 tax year reports in their response to the Property Appraiser's Motion for Summary Judgment. Indeed, the Frehlings filed their own motion for judgment as a matter of law. Moreover, the Frehlings did not seek a continuance of the summary judgment hearing. And at the hearing itself, the

Frehlings never objected to summary judgment on the basis that they had not received reports for the 2021 tax year.[11]

It was not until *after* the trial court granted the Property Appraiser's motion for summary judgment that the Frehlings argued, in opposition to entry of final judgment, that the documents for the 2021 tax year were never produced. Therefore, this argument has not been properly preserved for appellate review. See, e.g., Sunset Harbour Condo. Ass'n v. Robbins, 914 So. 2d 925, 928 (Fla. 2005), as revised on denial of reh'g (Nov. 3, 2005) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved." (quoting Tillman v. State, 471 So. 2d 32, 35 (Fla. 1985))).

### b. The Motion to Amend

The Frehlings argue the trial court abused its discretion when it denied their motion for rehearing while their motion to amend the answer and defenses was pending. We disagree. The Frehlings filed their motion to amend 15 days *after* the trial court entered final judgment. Given the timing

---

[11] At the hearing the Frehlings argued that what they received from the Property Appraiser *for the four years they requested* was not proper summary judgment evidence.

14

of the Frehlings' motion to amend, we cannot conclude that the trial court abused its discretion. See Jain v. Buchanan Ingersoll & Rooney PC, 322 So. 3d 1201, 1206 (Fla. 3d DCA 2021) ("A trial judge in his or her discretion may deny further amendments where the amendments materially vary from the relief initially sought, or where 'a case has progressed to a point that the liberality ordinarily to be indulged has diminished.'" (quoting Vella v. Salaues, 290 So. 3d 946, 949 (Fla. 3d DCA 2019))).

The Frehlings rely on Hess v. PMG-S2 Sunny Isles, LLC, 349 So. 3d 547 (Fla. 3d DCA 2022) to argue that despite the timing of their motion to amend, the trial court abused its discretion. In Hess, this Court held that "[u]nder the specific facts of this case" it was error for the trial court to deny a motion to amend that had been filed after entry of summary judgment. Id. at 550. This Court further explained that the purpose of the motion to amend "was not to advance a new issue or otherwise undermine the trial court's summary judgment liability determination." Id. These specific facts are not present here. The Frehlings' motion to amend sought to inject new issues and defenses into the proceedings following entry of final judgment. Hess is therefore distinguishable and not controlling.

## III.  CONCLUSION

15

Because the Frehlings filed their application to transfer their accrued SOH benefit in 2019—three years after abandoning their prior homestead—it was untimely under the constitutional amendment in effect at the time, which only permitted a two-year transfer period. The 2020 constitutional amendment, which extends the transfer period from two to three years, does not revive the Frehling's untimely 2019 application because the amendment has an express effective date of January 1, 2021, and it is not retroactive. We therefore affirm the trial court's Final Judgment reinstating the Property Appraiser's denial of the Frehlings' 2019 application to transfer as untimely.

Affirmed.